The appellant was indicted and convicted of murder in violation of Alabama Code § 13A-6-2 (1975). Sentence was 99 years' imprisonment. He appeals.
The single issue raised by this appeal has to do with the denial of the appellant's challenge for cause of a juror. The following facts are set out.
The examination proceeded as follows:
 "MR. HARTLEY: . . . One of the defenses that Mr. Clark will be making to this charge against him is `Not guilty by reason of insanity.' Now, I'm sure that all of you are aware that this defense has come under fire, has been questioned and been a lot of attention on the newspapers and TV, particularly since the attempted assassination of the President by Mr. Hinkley. Because of that I want to know if there are any of you who have considered this question of insanity as a defense and because of your thoughts about it and your consideration of that defense, have formed an opinion whereby you disapprove insanity as a defense. I want you to think about that for a minute.
"MR. TINDAL: I have already thought about it. *Page 1288 
 "MR. HARTLEY: You have already thought about it, Mr. Tindal?
"MR. TINDAL: I'm very much concerned over it.
 "MR. HARTLEY: All right, sir. Then does your concern lead you to believe that it should not be allowed as a defense of a criminal act?
"MR. TINDAL: Yes, sir.
 "MR. HARTLEY: All right, sir. Then if that defense were interposed in this case and you believed the Defendant to be insane, would you still vote for a conviction?
"MR. TINDAL: I would.
"MR. HARTLEY: Cause, Judge.
 "THE COURT: Mr. Tindal, if the Court charged you that a person who is suffering from a mental disease at the time of the commission of the crime or at the time of the commission of the act, and that mental disease is a complete defense to the act and the evidence showed that he was suffering from a mental disease at that time, would you still not give him the benefit of that defense?
 "MR. TINDAL: Judge, if he had had previous records of mental defect, I would give him a chance to come out with it.
"THE COURT: All right, sir.
 "MR. TINDAL: But if it's several times he has had mental problems, I would say that he was insane.
 THE COURT: And give him the benefit of that defense?
"MR. TINDAL: I would.
 "THE COURT: The challenge is denied. I think he recognized the defense of insanity.
"MR. HARTLEY: All right, sir."
It is the business of the trial court to insure that an unbiased jury hears a case. Howell v. City of Birmingham,383 So.2d 567 (Ala.Cr.App.) cert. denied, 383 So.2d 570 (Ala.), cert. denied, 449 U.S. 937, 101 S.Ct. 336, 66 L.Ed.2d 160
(1980); Motes v. State, 356 So.2d 712 (Ala.Cr.App.) cert. denied, 356 So.2d 720 (Ala. 1978). The court is not limited by the grounds for challenge as set out in Alabama Code §12-16-150 (1975). Any ground which was valid at common law is deemed still valid in Alabama unless it is inconsistent with the grounds enumerated in § 12-16-150. Nobis v. State,401 So.2d 191 (Ala.Cr.App.) cert. denied, 401 So.2d 204 (Ala. 1981). The legal question presented by this case is whether or not the prospective juror had "a fixed opinion as to the guilt or innocence of the defendant which would bias his verdict." Proof that the juror has a biased or fixed opinion is insufficient. There must be proof that the opinion was "so fixed that it would bias the verdict of the juror."
In Nobis v. State, supra, which provides an excellent discussion of this subject, the case for challenge made out by the defendant was much stronger than that presented here. Eleven prospective jurors said they believed that a psychologist could not, through interviewing and testing, determine the sanity of a person as of some four months beforehand. Twelve jurors answered that they believed that insanity pleas were just gimmicks used by defense lawyers. The court in Nobis found that these responses did not reflect such a prejudice or preconceived notion as to warrant disqualification. The court defined a fixed opinion as to guilt or innocence as "one that is a conviction or prejudgment, a strong or deep impression which closes the mind of the juror and combats the testimony and resists its force." (citations omitted).
Judge Harris quotes with favor the rule as set forth by Chief Justice Marshall in Burr's trial:
 "That light impressions which may fairly be supposed to yield to the testimony that may be offered, which may leave the mind open to a fair consideration of that testimony constitute no sufficient objection to a juror; but those strong and deep impressions which will close the mind against the testimony that may be offered in opposition to them, which will combat that testimony, and resist its *Page 1289 
force, do constitute a sufficient objection to him."
We recognize that jurors do not exist in a vacuum; they know what is going on around them; they often know what a case is about by the time they enter a courtroom, if only through rumor; they are aware of highly publicized cases and acts of the legislature.
The insanity verdict in the Hinckley case prompted not only public outcry but prompted action by the Alabama Legislature changing the insanity defense. That, like the answers of the prospective jurors quoted, reflected the temper of the times.
The testimony, however, makes it evident that the juror did not have a "fixed opinion". A juror who brings his thoughts out into the open in response to voir dire questions may be the one who later "bends over backwards" to be fair. The judge was in position to hear not only the words recorded by the court reporter but also the meaning actually conveyed by the responding prospective juror. A trial court's ruling on challenges for cause based on bias is entitled to great weight and will not be disturbed on appeal unless clearly shown to be an abuse of discretion. Nobis, supra; Price v. State,383 So.2d 884 (Ala.Cr.App.) cert. denied, 383 So.2d 888 (Ala. 1980);Motes v. State, supra; Barbee v. State, 395 So.2d 1128
(Ala.Cr.App. 1981).
We find that the trial court did not err in refusing to disqualify the juror on a challenge for cause. This case is therefore affirmed.
AFFIRMED.
All the Judges concur.