We granted the defendant's petition for writ of certiorari in this case to review the issue of whether the trial court abused its discretion in denying the defendant's "challenge for cause" as to a certain prospective juror.
Prior to trial, the defendant filed a "voir dire motion in limine" requesting that the court prohibit the district attorney from asking prospective jurors about the Southern Poverty Law Center ("SPLC"). The defendant argued 1) that the types of cases handled by the SPLC make it unpopular with a large segment of the population, and that those venirepersons holding an unfavorable opinion of the SPLC would be potentially prejudiced against the defendant; and 2) that an effective voir dire examination could be conducted without questions about the SPLC itself if the district attorney were to ask the prospective jurors if they knew any of the individuals on a list of the employees of the SPLC (including all of the lawyers employed by the SPLC).
Reasoning that most people were not familiar with the SPLC and that any reference to it would not prejudice the defendant, the trial court denied the defendant's motion. On voir dire, eight prospective jurors responded that they had heard of the SPLC. One juror further stated that he was prejudiced against organizations such as the SPLC and that this personal prejudice would possibly affect his ability to act as a fair and impartial juror. The next day that juror was interviewed outside the hearing of the other members of the venire and the following colloquy took place:
 "(Whereupon, Juror William C. Wear was brought into the Conference Room, and the following proceedings were had outside the presence and hearing of the jury venire.)
 "THE COURT: Have a seat right there. They want to ask you some questions.
"MR. MYERS [the prosecutor]: I have no questions.
 "MR. BALSKE [defense attorney]: Mr. Wear, yesterday you indicated that you had some problems with lawyers who were associated with places like the Poverty Law Center. Where do you get that feeling from?
 "JUROR WEAR: No, I didn't say that. I said that I was prejudiced against that type of organization.
"MR. BALSKE: Okay.
 "JUROR WEAR: No lawyers, I have never really had any dealings with those type of organizations.
 "MR. BALSKE: Okay. But you feel that you would be prejudiced against lawyers from that kind of organization?
"JUROR WEAR: It's possible.
 "MR. BALSKE: Okay. And you realize that I am from that organization?
"JUROR WEAR: Yes, I do.
 "MR. BALSKE: Do you think that would be a problem to you, might enter into the case, if you were chosen as a juror in the case?
"JUROR WEAR: I don't know.
"MR. BALSKE: You're just not sure?
"JUROR WEAR: I'm just not sure.
 "MR. BALSKE: Okay. But if you got back there as a juror and listened to Mr. Myers argue to you, and listened to me argue to you, it might weigh in your decision?
"JUROR WEAR: It's quite possible.
 "MR. BALSKE: As opposed to sifting the evidence, that might be another thing that might enter into the picture; is that correct?
"JUROR WEAR: I'm sorry. I didn't understand you.
 "MR. BALSKE: As opposed to simply looking at the evidence, this is something else that might enter into it?
"JUROR WEAR: It's possible, yes. *Page 1120 
 "MR. BALSKE: Surely, and I appreciate your honesty and candor. Your Honor, I would challenge for cause.
 "MR. MYERS: Your Honor, anything's possible. There certainly hasn't been any cause shown whatsoever.
 "THE COURT: Well, let me ask you this: could you sit on the trial of this case, and regardless of who represented who, could you still listen to the evidence in the case and base your verdict in the case solely on the evidence, regardless of who the lawyers were?
 "JUROR WEAR: I would guess I would. I just don't know.
 "THE COURT: All right. Well, I am going to deny that challenge for cause."
The State, in support of the trial court's denial of the defendant's challenge of Juror Wear for cause, cites abundant precedent for the rule that a proper challenge for cause exists only when a prospective juror's opinion or bias is so fixed that he or she could not ignore it and try the case fairly and impartially according to the law and the evidence. SeeSparks v. State, 450 So.2d 188 (Ala.Cr.App. 1984);Clark v. State, 443 So.2d 1287 (Ala.Cr.App. 1984);Gwin v. State, 425 So.2d 500 (Ala.Cr.App. 1982), writ quashed, 425 So.2d 510 (Ala. 1983). Further, argues the State, a trial court's ruling on a challenge for cause based on bias is entitled to great weight and will not be disturbed on appeal unless there is a clear showing of an abuse of discretion by the trial court. See Price v. State, 383 So.2d 884
(Ala.Cr.App.), cert denied, 383 So.2d 888 (Ala. 1980);Motes v. State, 356 So.2d 712 (Ala.Cr.App.), cert denied, 356 So.2d 720 (Ala. 1978).
Although we agree with the State that the foregoing statements are correct propositions of law, we are constrained to follow our holding in Ex parte Beam, 512 So.2d 723
(Ala. 1987), wherein this Court held that "[n]o right of a felon is more basic than the right to 'strike' a petit jury from a panel of fair-minded, impartial prospective jurors."Beam, at 512 So.2d 724. The defendant in Beam
was charged with murder arising out of the use of an automobile while under the influence of alcohol. The defendant challenged a prospective juror for cause, based on her convictions regarding the use of alcohol. Reversing because of the denial of that challenge for cause, we wrote:
 "A legitimate area of concern to defense counsel was whether any of the prospective jurors held strong convictions relative to the defendant's use of alcohol. Conceivably, answers to these inquiries could fall into two categories: 1) those affecting the defendant's choice of peremptory challenges (those light impressions which may fairly yield to the testimony); and 2) those affecting the juror's qualifications (those strong and deep impressions which will close the mind against the testimony).
 "Applying these principles to the answers given by this juror, as well as the admonition that court proceedings must not only be fair but must also appear to be fair, we hold that the trial court abused its discretion in not granting the defendant's challenge for cause. That portion of the juror's reply, 'I hope [the defendant's use of alcohol would not affect my ability to be impartial], but I cannot say it would not,' does not reduce her answers, when taken as a whole, from category 2 (challenge for cause) to category 1 (peremptory challenge).
 "Understandably, as is often true in such cases, this juror used language such as 'I just can't answer that,' 'I would hope that I would be fair,' and 'I hope [I would not be unfair]'; and, when taken out of context and standing alone, they appear to be expressions of equivocation. Any and all doubt, however, as to the depth and strength of her impressions is removed when the substance of her replies is viewed in full context and as a whole; thus, the defendant's challenge for cause should have been granted." Beam, at 512 So.2d 724.
The holding in Beam can have no greater relevance than it does to the facts of the instant appeal. The juxtaposition of the disputed answers of the prospective juror in Beam and those given by Juror Wear, when taken in the full context of the voir dire examination by both the trial *Page 1121 
court and Mr. Balske, convinces us of the "depth and strength of [Juror Wear's] impressions." We hold, therefore, that the trial court erred in denying the defendant's challenge of Juror Wear for cause.
In light of the foregoing, the judgment of the Court of Criminal Appeals, 523 So.2d 1087 (Ala.Cr.App. 1987), is reversed, and this cause is remanded for an order consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES, BEATTY and ADAMS, JJ., concur.