548 So.2d 496 (1989)
Ex parte James Lewis MARTIN, Jr.
(Re James Lewis Martin, Jr. v. State of Alabama).
87-686.
Supreme Court of Alabama.
March 31, 1989.
Rehearing Denied June 16, 1989.
William R. Blanchard and Jeffery C. Duffey, Montgomery, for petitioner.
Don Siegelman, Atty. Gen., and William D. Little, Asst. Atty. Gen., for respondent.
ALMON, Justice.
The petitioner, James Lewis Martin, Jr., was convicted for the capital murder of Allen Powell and was sentenced to death. The Court of Criminal Appeals affirmed the conviction and sentence, 548 So.2d 488 (Ala.Cr.App.1988) and Martin petitioned *497 this Court for a writ of certiorari, raising ten issues.
Martin first argues that the Court of Criminal Appeals erred in holding that the trial court did not err in denying his challenge for cause of prospective juror Roger Norris because of bias or prejudice on the part of the prospective juror.
During voir dire, Norris was asked if he had heard or read anything about the case. Norris said that he was aware of the case and that on the previous day he had heard something concerning the case. He went on to state that he had heard from a co-employee that Martin had confessed to the murder. Norris said that he would be unable to forget that statement. Martin then moved that Norris be excused for cause. The trial court denied the motion and Martin resorted to a peremptory strike to remove Norris from the jury.
Martin argues that the trial court's denial of his motion to strike for cause constitutes reversible error. Ala.Code 1975, § 12-16-150(7), states that one of the grounds for a strike for cause is that the potential juror "has a fixed opinion as to guilt or innocence of the defendant which would bias his verdict." Norris stated that he would try to consider only what the court instructed him to consider but that having heard that Martin had confessed "would obviously have an impact on [his] opinion."
A trial court's ruling on a challenge for cause based on bias is entitled to great weight and will not be disturbed on appeal unless there is a clear showing of an abuse of discretion by the trial court. See Ex parte Rutledge, 523 So.2d 1118 (Ala.1988); Price v. State, 383 So.2d 884 (Ala.Crim.App.), cert. denied, 383 So.2d 888 (Ala.1980); Motes v. State, 356 So.2d 712 (Ala.Crim.App.), cert. denied, 356 So.2d 720 (Ala.1978).
In response to questions propounded by the court, Norris stated that if he was the only juror that knew about Martin's confession, then that knowledge might affect his verdict but that if all of the jurors knew about the confession then "we would be starting at ground zero." The record reflects that prior to the jury selection process, the court conducted a suppression hearing concerning the confession. At the conclusion of the hearing, the court ruled that the confession was admissible. Because the court knew that the confession had been made; that the confession would be admitted into evidence; and that Norris had said that if all of the jurors knew about the confession then his basis for deciding the case would not be any different from the other jurors' information, we hold that the trial court did not abuse its discretion in denying Martin's challenge for cause.
Martin next contends that the introduction of victim impact information at the sentencing phase of the trial violated the Eighth and Fourteenth Amendments to the United States Constitution.
After the jury had rendered its advisory verdict in the sentencing phase of the trial, but before the trial court had pronounced sentence, a "presentence report" was filed by the Alabama Board of Pardons and Paroles. That report contained the following statement, which, Martin contends, violates the Eighth and Fourteenth Amendments:
"It is the belief of this officer that this offense has had a significant impact on the lifestyle of [the victim's wife]. She is now a single parent whose son has lost his father. She reports that her life has changed socially, emotionally, and that she is very paranoid, often nervous and very easily upset."
In Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), the Court held that the introduction at the sentencing phase of a capital murder trial in the state court of a victim impact statement, describing the effect of the crime on the victim's family, violates the Eighth Amendment. This case, however, differs from Booth.
In Booth, the victim impact statement was submitted to the jury for its consideration. In the present case, the presentence report was not presented to the jury, but was presented to the court. We also note that the victim impact information comprises only three sentences in a 36-page report that contains, among other things, details of the offense, mitigating and aggravating circumstances, Martin's criminal record, and Martin's personal history. We hold *498 that the introduction of the presentence report containing the above statement was not error.
We have carefully considered the remaining issues raised by Martin and are of the opinion that they were correctly decided by the Court of Criminal Appeals. Therefore, we will not address those issues here.
In addition to considering the issues raised by Martin, we have reviewed the record for plain error and have found none. We have also considered the aggravating and mitigating circumstances and are of the opinion that the aggravating circumstances outweigh the mitigating circumstances. Accordingly, the judgment of conviction and the sentence of death are affirmed.
AFFIRMED.
HORNSBY, C.J.,[*] and MADDOX, JONES, ADAMS,[*] HOUSTON and STEAGALL,[*] JJ., concur.
KENNEDY, J., recused.

ON APPLICATION FOR REHEARING
ALMON, Justice.
Petitioner has raised, for the first time, an issue concerning the court's oral charge to the jury during the sentencing phase of the trial. Specifically, he argues that the trial court failed to make clear to the jurors whether they would have to decide the issue of mitigating circumstances by a unanimous vote and that the jurors could have been under the impression that they could not consider a mitigating circumstance unless they all agreed, or unless at least 10 agree.
In Mills v. Maryland, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988), the United States Supreme Court dealt with a similar attack on a trial judge's charge to the jury and a verdict form submitted to the jury in a capital case, where the jury was the final sentencing authority. The Maryland statute afforded the convicted capital defendant a choice between sentencing by the judge or by the jury.
The Court set out Mills's contentions:
"Petitioner construed the statute, as explained to the jury by the court's instructions and as implemented by the verdict form, to require the imposition of the death sentence if the jury unanimously found an aggravating circumstance, but could not agree unanimously as to the existence of any particular mitigating circumstance. According to petitioner's view, even if some or all of the jurors were to believe some mitigating circumstance or circumstances were present, unless they could unanimously agree on the existence of the same mitigating factor, the sentence necessarily would be death."
486 U.S. at ___, 108 S.Ct. at 1864.
The Court vacated the judgment insofar as it affirmed the sentence, based on its conclusion
"that there is a substantial probability that reasonable jurors, upon receiving the judge's instructions in this case, and in attempting to complete the verdict form as instructed, well may have thought they were precluded from considering any mitigating evidence unless all 12 jurors agreed on the existence of a particular such circumstance."
486 U.S. at ___, 108 S.Ct. at 1870.
Unlike Alabama practice, the Maryland jury was given a written verdict form that listed several mitigating circumstances, each followed by a place for a yes or no answer. The verdict form contained the following instruction:
"Based upon the evidence we unanimously find that each of the following mitigating circumstances which is marked `yes' has been proven to exist by A PREPONDERANCE OF THE EVIDENCE and each mitigating circumstance marked `no' has not been proven by A PREPONDERANCE OF THE EVIDENCE:" (Emphasis added.)
The fact that a jury verdict on punishment in this state does not have to be unanimous, does not answer the question, especially in this case, where that verdict *499 was ten to two. Ala.Code 1975, § 13A-5-46(f).
Unlike such a verdict in Maryland, the jury verdict in Alabama is advisory and the trial judge is the final sentencing authority.
The charge to the jury in the instant case was in accordance with the pattern jury instruction and in accordance with Ala.Code 1975, § 13A-5-45(g). The jury was told that the defendant had the burden of injecting an issue of mitigating circumstances, but that once it was injected the state had the burden of disproving the factual existence of any mitigating circumstances by a preponderance of the evidence. There was no jury charge or verdict form to indicate that at least 10 jurors must agree on the existence of a mitigating circumstance.
We have considered the trial court's charge to the jury in light of the holding in Mills and are of the opinion that the jurors could not have reasonably believed that they were required to agree unanimously on the existence of any particular mitigating factor.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
HORNSBY, C.J., and MADDOX, JONES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
KENNEDY, J., recused.
NOTES
[*] Although Chief Justice Hornsby and Justices Adams and Steagall did not sit at oral argument, they have studied the record and listened to the tapes of oral argument.