Beville Midell was indicted for robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment." The trial judge sentenced him to 20 years' imprisonment in the State penitentiary.
On September 13, 1987, Daphne K. Johnson and her two children went to Old Fellows Cemetery in Bayou La Batre in Mobile County, Alabama. Mrs. Johnson went to the cemetery to pick up weeds and clean around her deceased child's grave.
Johnson drove to the cemetery. When she walked to the grave site, the children remained in the car. Johnson heard an automobile engine cut off and she saw a car pull to the side of the road. She continued picking the weeds and then she turned and saw the appellant walking toward her car. Johnson started walking back toward her vehicle.
When she returned to the car, the appellant approached the back of Johnson's vehicle. He told Johnson that he had a gun and that he was going to kill her and her children if she did not give him her purse.
Johnson got her purse and reached inside the purse to get her wallet. The appellant grabbed Johnson's purse from her and ran *Page 821 
down the hill to the other vehicle. That vehicle then drove off.
Johnson described the appellant as having a Mohegan (Mohawk) hair style. She explained that all of the hair on the sides of the appellant's head was shaven and that the hair in the middle was about two inches high. She further stated that the appellant had a light complexion and was clean shaven.
Later that week, Johnson went to the Bayou La Batre Police Department, where she viewed a photographic array. She picked the appellant from the photographs, although in the photograph the appellant's hair style and facial hair were different from what they were on the day of the robbery. When Johnson viewed the appellant's photograph, she covered the hair and mustache to make sure that that was the same person who robbed her.
A few weeks later, a Mobile County deputy sheriff, along with Officer Randell Laney of the Bayou La Batre Police Department, went to the appellant's mother's house, searching for the appellant. The appellant was apprehended in an attic and was placed under arrest.
The appellant testified that he was living in Atlanta, Georgia, at the time of the robbery, September 13, 1987. He also stated that he had been living in Atlanta for approximately a month and a half. He said he returned to Mobile County around the 20th or 21st of September 1987 to see about his father's health. He denies that he committed the robbery.
 I
The appellant contends that his conviction should be reversed because, he says, the record does not contain the oath administered to prospective jurors before their voir dire examination.
This court in Tarver v. State, 500 So.2d 1232, 1241-42
(Ala.Cr.App.), aff'd, 500 So.2d 1256 (Ala. 1986), addressed this issue:
 "While there is no statutory or constitutional requirement that an oath be administered to prospective jurors before their voir dire examination, such should be done and has been the practice of the courts in Alabama. See generally 50 C.J.S. Juries § 276. An oath should be administered to prospective jurors prior to voir dire examination so that any answers given by these jurors will be under such oath. State v. Tharp, 42 Wn.2d 494, 256 P.2d 482 (1953); Duffy v. State, 567 S.W.2d 197 (Tex.Crim.App. 1978), cert. denied, 439 U.S. 991, 99 S.Ct. 593, 58 L.Ed.2d 666 (1978).
 "Although we are unable to find an Alabama case which deals with the administration of an oath to prospective jurors before voir dire examination, there are numerous cases concerning the administration of the oath to petit juries as required by § 12-16-170, Code of Alabama 1975. These cases indicate that a presumption cannot be made from a silent record that the jury was sworn. Whitehurst v. State, 51 Ala. App. 613, 288 So.2d 152, cert. denied, 292 Ala. 758, 288 So.2d 160
(1973). There must be some affirmative showing in the record that the oath to the jury was administered. Gardner v. State, 48 Ala. 263 (1872); Lacey v. State, 58 Ala. 385 (1877). A minute entry is deemed to be a sufficient showing that the oath was administered. Whitehurst, supra; Murphy v. State, 403 So.2d 314 (Ala.Crim.App.), cert. denied, 403 So.2d 316 (1981)."
This court applied these principles to the oath to be administered to the prospective jurors before voir dire examination.
In the present case, the proceedings prior to the voir dire examination were not made a part of the record. An appellant "bears the burden of bringing the record before an appellate court. He and his counsel have the duty of checking the record before submitting the appeal. It is their duty to file a corrected record." Welch v. State, 455 So.2d 299, 300
(Ala.Cr.App. 1984); Harris v. State, 420 So.2d 812, 816
(Ala.Cr.App. 1982).
Rule 10(f), Alabama Rules of Appellate Procedure, states in pertinent part:
 "If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court either *Page 822 
before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted."
Here, the appellant has failed to request that proceedings prior to voir dire examination be made part of the record. "A reviewing court cannot predicate error on matters not shown by the record." Robinson v. State, 444 So.2d 884, 885 (Ala. 1983);Watson v. State, 398 So.2d 320 (Ala.Cr.App. 1980), cert. denied, 398 So.2d 332 (Ala. 1981). Thus, there is nothing in the record from which this court may review this issue.
 II
The appellant next contends that the trial court erred because it denied his motion for new trial based on newly discovered evidence.
Prior to trial the appellant had subpoenaed two witnesses, Doris Hill and Labitha Patterson, to testify at trial. These witnesses did not appear at trial. The trial court took a recess to allow the sheriff to look for these witnesses. Neither witness could be located.
After the trial, the trial court conducted a hearing on a motion for new trial, in which both Doris Hill and Labitha Patterson testified. The appellant claims that the newly discovered evidence was the testimony of Doris Hill. Hill testified that she and the appellant lived in Atlanta, Georgia, in September 1987 and that she recalled seeing the appellant on September 13, 1987, in Atlanta.
The following is argued in the appellant's brief:
 "The Appellant maintains that the testimony of this absent witness was material to the issues in the case in that she would have testified differently as to all material issues than the prosecution witnesses. This witness would have stated that she and the defendant were living in Atlanta, Georgia, on the date of the alleged robbery; and that the defendant had never worn a mohawk style haircut nor had he been clean shaven in the last seven years. (see affidavits of Doris Hill on pages T-22 and T-25)."
"Evidence tending merely to impeach or contradict a State witness as to the testimony given upon the trial is generally not such newly discovered evidence as would warrant the granting of a new trial."[1] Dossey v. State, 489 So.2d 662, 666
(Ala.Cr.App. 1986). In the present case Hill's testimony as to the appellant's hair style and facial hair would merely contradict the testimony of the State's witness, Johnson. Also, any other testimony by Hill that merely contradicted a State witness would not warrant a granting of a new trial based on newly discovered evidence.
Further, Hill's testimony that she and the appellant were living in Atlanta, Georgia, on the day of the crime is cumulative evidence. This court in Jones v. State,469 So.2d 713 (Ala.Cr.App. 1985), discussed whether testimony of an alibi witness is cumulative evidence when other witnesses have testified to the same subject as the alibi witness. The court stated: "This so-called newly discovered testimony relates to the question of the alibi of the accused defendants on which subject numerous witnesses were examined pending the main trial. The proffered testimony is therefore cumulative, and upon newly discovered evidence which is merely cumulative a new trial cannot be granted." Jones v. State, 469 So.2d at 715. A new trial will not be granted on the basis of evidence, even newly discovered, which would be merely cumulative to that presented at trial. Steele v. State, 512 So.2d 124 (Ala.Cr.App. 1986), writ quashed, 512 So.2d 128 (Ala. 1987).
In the present case, because the appellant testified at trial that he was living in Atlanta at the time of the robbery, Hill's testimony is cumulative evidence. Therefore, we find that the trial court properly denied the appellant's motion for new trial based on newly discovered evidence. *Page 823 
 III
The appellant contends that the prosecutor's questioning on cross-examination and comments made during closing argument improperly referred to the appellant's failure to call certain witnesses at trial.
During cross-examination of the appellant, the following occurred:
"BY MR. WHITE
 "Q Where were you on September 13th, 1987? That's Sunday. Where were you?
 "A In Atlanta, Georgia, on Stewart Avenue in a motel.
"Q With who?
"A With my sister.
"Q What's her name?
"A Labitha Patterson.
"Q Is she still alive today?
"A Yes, she is.
"Q Where is she today?
"A She is at home, sick.
"Q What's she sick from?
"MR. SHARBROUGH: Your Honor —
"Q What's she sick —
"A What she sick from?
 "THE COURT: Wait just a minute. What's the grounds of your objection?
 "MR. SHARBROUGH: Well, could we have a sidebar for a moment?
 "THE COURT: No, just tell me what the grounds of your objection are.
 "MR. SHARBROUGH: Well, the district attorney knows that that witness has been subpoenaed and we are waiting for her to arrive.
"MR. WHITE: No, I did not, Your Honor.
 "THE COURT: Well, we may or may not be waiting for her to arrive.
Overruled." (R. 43)
Based on our review of the record it is difficult to determine if the statements were improper. However, we find that the prosecutor's comments were not so improper as to prejudice the appellant. See Mitchum v. State, 384 So.2d 1193
(Ala.Cr.App.), cert. denied, 384 So.2d 1205 (Ala. 1980).
The appellant also claims that during closing argument the prosecutor made improper remarks on the appellant's failure to call certain witnesses at trial. The following occurred during the prosecutor's closing argument:
 "MR. WHITE: Also, no witnesses. September 13th, 1987, is when this happened. I believe that's plenty of time. That's about a year and a half to have somebody take that stand, somebody.
 "MR. SHARBROUGH: Objection, Your Honor. We have subpoenaed the witnesses. The jury has been informed that the witnesses — one is in the hospital and the other we can't find.
"THE COURT: Sustained." (R. 54)
This court will not address the merits of this issue because there is no adverse ruling; the trial court sustained the appellant's objection. Where there has been no adverse ruling by the lower court on a particular matter, that matter is not properly before us for review. Smith v. State, 531 So.2d 1245
(Ala.Cr.App. 1987); Breedlove v. State, 482 So.2d 1277
(Ala.Cr.App. 1985).
For the reasons stated above, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
[1] Cf. Ex parte Heaton, 542 So.2d 931 (Ala. 1989), wherein guilty plea may be set aside on newly discovered evidence which could not have been discovered by due diligence before trial and is not merely cumulative or impeaching.