We granted certiorari review in this case to address Ellington's argument that the trial court erred in refusing to strike a juror for cause. We reverse and remand.
William Eric Ellington was convicted of rape in the first degree and was sentenced to 30 years' imprisonment. On appeal, he argues that one of the members of the jury venire admitted that the fact that her husband worked for the police department, coupled with the fact that two detectives from the department would be testifying in the trial, would affect her ability to fairly judge the issues at trial. The following is the entire exchange between Ellington's attorney and the potential juror:
 "Attorney: Has any member of this panel ever worked in law enforcement? When I say 'law enforcement,' I run the whole gamut from the sheriff, FBI, military police, anything in law enforcement?
"Yes, ma'am.
"Juror: My husband is a police officer.
"Attorney: Your name is?
"Juror: Pamela Bryant.
"Attorney: City of Huntsville?
"Juror: Yes, sir.
 "Attorney: Would the fact that your husband is employed [as a police officer], would it affect your ability to hear this case?
 "Juror: I also know Micky Brantley [one of the detectives testifying in the case]. Yes, sir, it would.
"Attorney: Thank you, ma'am, most kindly."
Following the voir dire, Ellington's attorney requested that Ms. Bryant be stricken for cause:
"Attorney: May I approach, Your Honor?
"Court: Yes, sir
 "Attorney: Your Honor, there was one I would like to challenge for cause if I may, Your Honor.
"Court: Who is that?
 "Attorney: That is No. 12. The basis for my challenge is that she indicated in voir dire that she knows the officer sitting at the table with counsel, and my opinion is that she would have some bias in reference to this case. Her name is Pamela Bryant and we would ask that she be struck for cause.
"Court: I deny that?"
In regard to this issue, the Court of Criminal Appeals simply stated, "[W]e have carefully examined the remaining issues raised by appellant and find no merit in them. We deem further discussion unnecessary." Ellington v. State, 580 So.2d 1365
(Ala.Cr.App. 1989) (on return to remand).
In Knop v. McCain, 561 So.2d 229 (Ala. 1989), this Court stated as follows:
 "The grounds on which a juror may be challenged for cause are set out in Code 1975, § 12-16-150. Additional grounds for challenge for cause under the common law still exist where they are not inconsistent with the statute. Kinder v. State, 515 So.2d 55, 60 (Ala.Crim.App. 1986).
 "In challenging a juror for cause, the test to be applied is that of probable prejudice. Alabama Power Co. v. *Page 1369 Henderson, 342 So.2d 323, 327 (Ala. 1976). While probable prejudice for any reason will serve to disqualify a prospective juror, qualification of a juror is a matter within the discretion of the trial court. Id.; Black Belt Wood Co. v. Sessions, 514 So.2d 1249, 1255-56 (Ala. 1986); Village Toyota Co. v. Steward, 433 So.2d 1150, 1156 (Ala. 1983). This Court must look to the questions propounded to, and the answers given by, the prospective juror to see if this discretion was properly exercised. Id. A reversal is not appropriate absent abuse of this discretion. Alabama Power Co. v. Henderson, 342 So.2d at 327; Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391 (1961); Mutual Building Loan Ass'n v. Watson, 226 Ala. 526, 147 So. 817 (1933); Brown v. Woolverton, 219 Ala. 112, 115, 121 So. 404
(1928); see Clark v. State, 443 So.2d 1287
(Ala.Crim.App. 1983).
 "Ultimately, the test to be applied is whether the juror can set aside her opinions and try the case fairly and impartially, according to the law and the evidence. Tidmore v. City of Birmingham, 356 So.2d 231 (Ala.Crim.App. 1977), cert. denied, 356 So.2d 234 (Ala.), cert. denied, 449 U.S. 836, 99 S.Ct. 120, 58 L.Ed.2d 132 (1978); see Willingham v. State, 262 Ala. 550, 552, 80 So.2d 280 (1955); Mahan v. State, 508 So.2d 1180 (Ala.Crim.App. 1986). This determination, again, is to be based on the juror's answers and demeanor and is within the sound discretion of the trial judge. Thus, a prospective juror should not be disqualified for prejudices or biases if it appears from his or her answers and demeanor that the influence of those prejudices and biases can be eliminated and a verdict rendered according to the evidence. See Fordham v. State, 513 So.2d 31, 34-35
(Ala.Crim.App. 1986); Jarrell v. State, 355 So.2d 747, 749
(Ala.Crim.App. 1978)."
Knop v. McCain, 561 So.2d 229, 232 (Ala. 1989). See, also, Woodv. Woodham, 561 So.2d 224 (Ala. 1989).
In the present case, there was only a limited exchange between the attorney and Ms. Bryant; however, that exchange does indicate probable prejudice on her part. She indicated that her husband was on the police force and that she knew at least one of the detectives who was to testify at the trial. These things, she stated, would affect her ability to hear the case. The trial judge had the opportunity to question her further to see if, despite her biases, she could listen to the facts and apply the law to them. The judge did not do so and, instead, simply denied the motion to strike Ms. Bryant for cause. Because the evidence before us does indicate probable prejudice and thus an abuse of discretion on the part of the trial judge in refusing to strike for cause, we are compelled to reverse the judgment and remand this case with instructions to order a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., concurs specially.
KENNEDY, J., dissents.