I respectfully dissent from the majority opinion.
It is well established in Alabama that trial courts are accorded broad discretion in determining the qualifications of jurors. This court in Clark v. State, 443 So.2d 1287
(Ala.Crim.App. 1983) pointed out that "a trial court's ruling on challenges for cause based on bias is entitled to great weight and will not be disturbed on appeal unless clearly shown to be an abuse of discretion." In Knop v. McCain, 561 So.2d 229 (Ala. 1989), the Supreme Court of Alabama cited the rule that the "qualification of a juror is a matter within the discretion of the trial court, and . . . a reversal is not appropriate absent abuse of discretion."
As the State pointed to in their brief, there is a wealth of authority for the rule that a proper challenge for cause exists only when a potential juror's bias or prejudice is so fixed that he or she could not fairly and impartially try the case.Sparks v. State, 450 So.2d 188 (Ala.Crim.App. 1984); Clark;Fordham v. State, 513 So.2d 31 (Ala.Crim.App. 1986). Furthermore, Clark stated that "Proof that a juror has biased or fixed opinions is insufficient. There must be proof that the opinion was so fixed that it would bias the verdict of the juror."
In this case, during voir dire, the prospective juror responded to defense counsel's question by stating, "It would be very hard for me to be fair, I think." The juror's answer is simply not enough to indicate that she could not fairly and impartially try the case. There is no indication that her opinion was so fixed that her verdict would be biased.
In a case such as this, this court should follow the rule in allowing the trial court broad discretion in ruling on an appellant's challenge of a prospective juror for cause, unless there has been an abuse of that discretion. No abuse has been shown, and this court should defer to the judgment of the trial court.