The appellant was convicted of the unlawful possession of marijuana in the first degree. He was sentenced to four years in the penitentiary and was fined $350. He was further assessed a fine of $100 for the victims' compensation fund.
 I
The appellant argues that the trial court erred in ordering that a second jury be struck from the same venire as that from which his initial jury was struck. The record reveals that, after the original jury had been selected and the opening statements had been made by counsel, a juror notified the trial court that he had just realized that he knew the appellant. The trial court ordered that a new jury be struck from the same venire panel from which the original jury was struck. The trial court, at the appellant's request, excused three potential jurors who had heard portions of the arguments and discussions with the trial court. The appellant argues that he was prejudiced by having to strike from the same venire, because, he says, the State was aware of the strikes that he would make. The trial court noted that the appellant also knew the strikes that the prosecutor would make. *Page 690 
The appellant bases his argument that the trial court committed reversible error by ordering him to restrike his jury from the same venire on Murray v. State, 210 Ala. 603,98 So. 871 (1924), and Johnson v. State, 53 Ala. App. 354,300 So.2d 392 (1974), cert. denied, 293 Ala. 760, 300 So.2d 396
(Ala. 1974). In Murray a special venire was called specifically for that capital case. Certain names had been inadvertently left on the strike list by the Court clerk, although the trial court had found that these individuals were not qualified to serve on the jury. Eventually, after the strikes were made, one of the jurors whom the trial court had excused because of his opposition to capital punishment remained on the jury. Pursuant to the State's motion, the trial court discharged this jury and ordered that a jury be restruck from the same special venire panel, which included the 12 jurors who had been originally empaneled. The Alabama Supreme Court held that this action by the trial court constituted error because the State's motion to discharge the initial jury was untimely and because, in any event, the second jury should not have been selected from the original special venire panel. The Court gave two reasons for this latter ground: because the members of a special venire are automatically relieved of jury duty when they are not selected to serve on the jury, and because both the State and the defendant had shown their choices of individuals to serve on the jury through their original strikes. The Court held as follows:
 ". . . After they were thus selected, impaneled, and sworn, the other persons on the special venire were automatically discharged as special jurors in this case, and the other persons on the regular venire were automatically relieved of jury duty in this case. Their duties in this case had ended. For other obvious reasons they should not be placed on the state and defendant again to select the jury. Each had shown their choice of the men on the list to each other for the trial of the defendant. Section 32, Act 1919, Gen. Acts 1919, p. 1040, and authorities supra.
 "The court, after granting the motion of the solicitor to vacate, set aside, and discharge this jury, should have either continued the case or set another day of the term of court for the trial of the defendant, and ordered another and different venire facias for his trial, in accordance with the statute. The objections of the defendant to selecting another jury from this same venire facias should have been sustained by the court. This was reversible error. Section 32 of the Act in Gen. Acts 1919, p. 1040, and authorities supra."
210 Ala. at 606, 98 So. at 874.
Subsequently, in Alabama Great Southern R.R. v. Bolton,242 Ala. 562, 7 So.2d 296 (1942), the Alabama Supreme Court found no error where a jury was restruck from the original venire panel, and distinguished the holding from the one in Murray, supra, on the grounds that the venire from which the juries were struck was a regular panel which was to serve for a week, rather than a special venire. The Court stated:
 "The jury as selected was from the regular panel drawn, summoned and qualified to serve for the week. The ruling in the case of Murray v. State, 210 Ala. 603, 98 So. 871, was in respect to a special venire for the case and that authority is not in point."
Id. at 298.
In Owens v. State, 51 Ala. App. 50, 282 So.2d 402 (1973), cert. denied, 291 Ala. 794, 282 So.2d 417 (1973), the defendant argued that he was prejudiced by the trial court's action in allowing a jury to be restruck from the same venire panel, because, he said, the State knew how he would enter his strikes. This court held that there was no error by the trial court, stating:
 "The court below did not abuse its discretion in requiring appellant to strike a second jury from the same venire after the first jury was struck. The trial judge offered appellant an option: (1) keep the jury, or (2) strike another jury from the rest of the venire. Appellant argues that he was greatly disadvantaged by the action of the trial court because the State was then familiar with his strikes and could more intelligently strike the second jury. This is true, but the state suffered in kind *Page 691 
and in degree. Davis v. Wingard, 269 Ala. 535, 114 So.2d 450."
282 So.2d at 414-15.
In Johnson, supra, this court held a trial court's allowing a jury to be restruck from the same special venire from which the original jurors were struck constituted reversible error. However, in Johnson, as in Murray, supra, the venire panel was a special venire selected for a capital case and, as such, was governed by specific statutes which have since been repealed. See § 12-16-120 et seq., Code of Alabama 1975.
The facts of the instant case are similar to those found inAvery v. State, 363 So.2d 1036 (Ala.Cr.App. 1978). In that case, a jury was struck and sworn, following which it was discovered that one of the jurors was related to the victim. The trial court then discharged the jury and ordered another jury to be struck from the same panel, with the exception of the one juror who was related to the victim. The defendant complained that such a procedure constituted reversible error and stated that a continuance should have been granted, citing Murray, supra, andJohnson, supra. This court upheld the trial court's action, distinguishing Murray and Johnson, on the grounds that they were capital cases, and citing Owens, supra.
 "While we are aware that the procedure requested by appellant is mandated in capital cases, Murray and Johnson, supra, it is not required in a non-capital case. Special venire rules are not applicable to first degree murder cases since it is no longer a capital felony. Usrey v. State, 54 Ala. App. 448, 309 So.2d 485. For numerous other authorities to the same effect, see 13 Ala. Digest, Jury, key 70(1)."
Avery, supra at 1039. This court then quoted the language inOwens, supra, that, although the defendant claimed that he was greatly disadvantaged because the State was familiar with his strikes and could more intelligently strike the second jury, "the State suffered in kind and in degree."
In Nikolic v. State, 384 So.2d 1141 (Ala.Cr.App. 1980), cert. denied, 384 So.2d 1151 (Ala. 1980), the trial court compelled the defendant to strike a second jury from the same venire from which the first jury was struck. The defendant argued that this procedure gave the State an unfair and improper tactical advantage, in that the prosecutor knew which jurors he would strike. This court again cited Owens, supra, for the proposition that, although the defendant's claim was true, the State suffered in kind and in degree. This court went on to state that, although the fact that the trial judge required the second jury to be struck from the same venire as the first was not prejudicial to the defendant, the "preferred procedure would have been to return the veniremen to the jury box and to draw a new group of veniremen from which the second jury could have been chosen." Nikolic, supra at 1150.
Finally, in Goodwin v. State, 395 So.2d 1119
(Ala.Cr.App. 1981), this court reversed the trial court for requiring the defendant to select a jury from the same panel from which the previous jury had been selected. In so holding, this court relied on Murray, supra. Reference was then made to the fact that the Alabama Supreme Court distinguished Murray inAlabama Great Southern R.R. v. Bolton, supra, but this court failed to hold that this distinction applied to the facts inGoodwin, although the defendant in that case was charged with assault with a deadly instrument upon a law enforcement officer while engaged in the active discharge of his lawful duties, and thus the case did not involve a special venire. This court stated as follows:
 "Although Murray v. State was not in point in Alabama Great Southern R. Co. v. Bolton, we are convinced that it is in point in this case and that the trial court was in error in requiring the defendant to proceed to select a jury from the panel from which the previous jury had been selected. We do not say that there could never be an occasion in which an objecting party should be required to strike twice from the same panel in the same case, but we are convinced that at least generally he should not be required to do so and that there is nothing in the case before us to constitute a valid exception to that general rule. As to this, we see little, if any, discretion vested in the trial court, such as its discretion in the matter of granting a continuance. There is more involved here than *Page 692 
whether a motion to continue should have been granted. It is apparent, if not conclusive, that, without the panel from which the jury was selected for the trial of the case, a jury would not have been available for that purpose and for that reason the trial would necessarily have been postponed."
Id. at 1127-28. No reference was made in Goodwin to this court's holdings in Nikolic, supra, Avery, supra, or Owens, supra. As the holding in Goodwin, supra, clearly runs contrary to the above-stated cases, as well as to Alabama GreatSouthern R.R. v. Bolton, supra, that case is due to be overruled as to this matter.
The selection of the jury in the instant case was governed by Rule 18, A.R.Cr.P., because the offense occurred after January 1, 1991. A committee comment to Rule 18.4, A.R.Cr.P., states that Rule 18.4 supersedes § 12-16-100, Code of Alabama 1975, as to the process of striking a jury. Pursuant to this rule, jurors not selected remain on the jury panel from which other juries will be selected. Moreover, if the number of names on a strike list is reduced to fewer names than the minimum required for a jury, then the deficiency shall be filled from the remaining available petit jurors sworn for the week. Rule 18.4(h), A.R.Cr.P. Thus, Murray, supra, and Johnson, supra, do not apply to this case. This case involved a regular venire and, although the appellant complains that the prosecutor was aware of his strikes, the appellant was also aware of the prosecutor's strikes so that both parties "suffered in kind and in degree." Owens, supra, at 415. We find no error in the trial court's action in allowing a second jury to be struck from the same venire as the first jury.
 II
The appellant argues that the trial court erred in failing to excuse for cause a potential juror, who he alleges was biased, based on the fact that the defense counsel was involved in litigation in which the business of the juror's husband was a party. The record indicates that the following transpired during the striking of the jury:
"[DEFENSE COUNSEL]: Juror 118, Judge.
 "THE COURT: — The occupation list, notes that [potential juror] is the wife of [husband's name], and [defense counsel] has filed a substantial — a lawsuit for a substantial amount of money against a painting contractor by that name.
 "What I'm going to do is ask my bailiff to find [potential juror] and ask her to step in.
 "[Potential juror], your husband is [husband's name]; is that right?
"A JUROR: That's correct.
"THE COURT: What kind of work does he do?
 "A JUROR: He has a commercial painting and sandblasting company. They paint elevated water storage tanks, sewerage treatment plants, that type of work.
"[DEFENSE COUNSEL]: Museums?
"A JUROR: Museums?
 "[DEFENSE COUNSEL]: Alabama — the Army Aviation Museum?
"A JUROR: The Aviation Museum? Yes.
"[DEFENSE COUNSEL]: That's him, Judge.
 "THE COURT: Okay. Do you have any questions, [prosecutor]?
"[PROSECUTOR]: No, sir.
"THE COURT: [Defense counsel]?
 "[DEFENSE COUNSEL]: You are aware that your husband was sued by Sherwin Williams [and] that Sherwin Williams has a suit currently pending against him.
"A JUROR: I have no idea.
"[DEFENSE COUNSEL]: You don't know?
 "A JUROR: No. I mean, his business — what goes on in his business, I have no idea. I mean, as far as suits or anything. Has it come up or —
 "[DEFENSE COUNSEL]: Well, no. I represent Sherwin Williams.
"A JUROR: Oh, okay.
 "[DEFENSE COUNSEL]: And I just — out of a bunch of caution, I just didn't know if you knew that I was the one that had your husband sued. *Page 693 
"A JUROR: No, I sure don't, you know.
"[DEFENSE COUNSEL]: Okay.
"A JUROR: Okay. Is that it?
"THE COURT: Thank you very much.
"(Veniremember not present.)
"THE COURT: Okay.
 "[DEFENSE COUNSEL]: Judge, I would ask for cause that [potential juror] be taken from the strike list.
"THE COURT: Denied.
 "[DEFENSE COUNSEL]: Judge, I've got her husband sued for thousands and thousands of dollars.
 "THE COURT: Until you chose to tell her, [defense counsel], she wasn't aware of that.
 "[DEFENSE COUNSEL]: Judge, I'm not sure that she wasn't aware of that. I refuse to believe that an ongoing marriage is not aware of a suit for as many thousands of dollars. I've taken his deposition in this. It's pending for a few years, Judge. Judge, is — if that's your choice, Judge, I —
"THE COURT: Okay.
 "[DEFENSE COUNSEL]: Of course, Judge, if she had not told us the truth about it to start with, what she would do is say, oh, I just didn't know now that we had found out.
"THE COURT: Okay. You have your objection."
Thereafter, the striking process was continued. Subsequently, defense counsel again raised this matter and the trial court indicated that it had taken the potential juror's veracity into account in making its decision. The trial court also stated that, based on the fact that the appellant's only remedies were a continuance, restriking, or striking from a new panel, and, as this was already a restriking of the jury, it had made its ruling.
" 'A trial judge's finding on whether or not a particular juror is biased "is based upon determinations of demeanor and credibility that are peculiarly within a trial judge's province." [Wainwright v. Witt, 469 U.S. 412, 428,105 S.Ct. 844, 854, 83 L.Ed.2d 841 (1985).]' " Jones v. State,572 So.2d 504, 506 (Ala.Cr.App. 1990), quoting Martin v. State,548 So.2d 488, 490 (Ala.Cr.App. 1988), affirmed, 548 So.2d 496
(Ala. 1989), cert. denied, 493 U.S. 970, 110 S.Ct. 419, 107 L.Ed.2d 383
(1989).
 " 'Our Supreme Court has held that "[n]o right of an accused felon is more basic than the right to 'strike' a petit juror from a panel of fair-minded impartial prospective jurors." Ex parte Beam, 512 So.2d 723, 724 (Ala. 1987). The propriety of a trial court's ruling in the challenge of a venireperson for cause based on bias must be measured against a defendant's constitutional right to a fair trial. Ex parte Beam, U.S. Const. Amends. VI, XIV. . . .' "
England v. State, 601 So.2d 1108, 1109 (Ala.Cr.App. 1992), quoting Hunter v. State, 585 So.2d 220, 221 (Ala.Cr.App. 1991).
 " 'To disqualify a prospective juror, he must have more than a bias, or fixed opinion, as to the guilt or innocence of the accused. Such opinion must be so fixed as that it would bias the verdict a juror would be required to render. Hammil v. State, 90 Ala. 577, 8 So. 380.' McCorvey v. State, 339 So.2d 1053, 1057 (Ala.Cr.App.), cert. denied, 339 So.2d 1058 (Ala. 1976). 'A "fixed opinion" which will bias a verdict is one that is a conviction or prejudgment, a strong or deep impression which closes the mind of a juror and combats the testimony and resists its force.' Nobis v. State, 401 So.2d 191, 197 (Ala.Cr.App.), writ denied, 401 So.2d 204 (Ala. 1981).
 " '[A] proper challenge for cause exists only when a prospective juror's opinion or bias is so fixed that he or she could not ignore it and try the case fairly and impartially according to the law and the evidence. See Sparks v. State, 450 So.2d 188 (Ala.Cr.App. 1984); Clark v. State, 443 So.2d 1287 (Ala.Cr.App. 1983); Gwin v. State, 425 So.2d 500 (Ala.Cr.App. 1982), writ quashed, 425 So.2d 510 (Ala. 1983). Further, . . . a trial court's ruling on a challenge for cause based on bias is entitled to great weight and will not be disturbed on appeal unless there is a clear showing of an abuse or discretion by the trial court. See Price v. State, 383 So.2d 884
(Ala.Cr.App.), cert. *Page 694 
denied, 383 So.2d 888 (Ala. 1980); Motes v. State, 356 So.2d 712 (Ala.Cr.App.), cert. denied, 356 So.2d 720 (Ala. 1978).'
 "Ex parte Rutledge, 523 So.2d 1118, 1120
(Ala. 1988)."
Siebert v. State, 562 So.2d 586, 595-96 (Ala.Cr.App. 1989), affirmed, 562 So.2d 600 (Ala. 1990), cert. denied, 498 U.S. 963,111 S.Ct. 398, 112 L.Ed.2d 408 (1990). Cf. Black v. State,596 So.2d 40 (Ala.Cr.App. 1991) (wherein a potential juror clearly voiced bias and a "fixed opinion," and the cause was remanded to determine whether the juror could lay aside his "fixed opinion").
 " '[A] proper challenge for cause exists only when a prospective juror's opinion or bias is so fixed that he or she could not ignore it and try the case fairly and impartially according to the law and the evidence.' Ex parte Rutledge, 523 So.2d 1118, 1120 (Ala. 1988). '[A] trial court's ruling on a challenge for cause based on bias is entitled to great weight and will not be disturbed on appeal unless there is a clear showing of abuse of discretion by the trial court.' Rutledge, 523 So.2d at 1120. . . .
 " 'In challenging a juror for cause, the test to be applied is that of probable prejudice. . . . While probable prejudice for any reason will serve to disqualify a prospective juror, qualification of a juror is a matter within the discretion of the trial court. . . . This Court must look to the questions propounded to, and the answers given by, the prospective juror to see if this discretion was properly exercised. . . . A reversal is not appropriate absent abuse of this discretion. . . .
 " 'Ultimately, the test to be applied is whether the juror can set aside her opinions and try the case fairly and impartially, according to the law and the evidence. . . . This determination, again, is to be based on the juror's answers and demeanor and is within the sound discretion of the trial judge. Thus, a prospective juror should not be disqualified for prejudices or biases if it appears from his or her answers and demeanor that the influence of those prejudices and biases can be eliminated and a verdict rendered according to the evidence.'
 "Knop v. McCain, 561 So.2d 229, 232 (Ala. 1989). See also Wood v. Woodham, 561 So.2d 224, 227
(Ala. 1989). 'Thus, even though a prospective juror admits to a potential bias, if a further voir dire examination reveals that the juror in question can and will base his decision on the evidence alone, then a trial judge's refusal to grant a motion to strike for cause is not error.' Perryman v. State, 558 So.2d 972, 977 (Ala.Cr.App. 1989)."
Parker v. State, 587 So.2d 1072, 1082-83 (Ala.Cr.App. 1991).
"Proof that the juror has a bias or fixed opinion is insufficient. There must be proof that the opinion was 'so fixed that it would bias the verdict of the juror.' " Clark v.State, 443 So.2d 1287, 1288 (Ala.Cr.App. 1983). In the present case, the potential juror indicated no such prejudice. She had previously stated that she could try the case according to the evidence presented, regardless of any prior outside knowledge. The record indicates that the juror had no knowledge of the lawsuit by defense counsel against her husband's business, until the defense counsel so informed her. "Under the doctrine of invited error, an appellant cannot voluntarily invite error by his own conduct and then seek to profit thereby. Timmons v.State, 487 So.2d 975 (Ala.Cr.App. 1986)." Kirkland v. State,581 So.2d 1207, 1210 (Ala.Cr.App. 1990). See also Duncan v. State,587 So.2d 1260 (Ala.Cr.App. 1991).
 III
The record indicates that defense counsel asked the venire panel, after the members had been excused from service following the striking of the first jury, but before the second jury was struck from the same panel, whether any of them had discussed the case. Seven or eight potential jurors indicated that they had discussed the case. The trial court then asked the individuals who had so responded whether their discussion had affected their thinking in any way. The trial court also asked each juror individually, "Does this bias you either for or against the State or for or against this defendant?" *Page 695 
Each responded that it would not, other than one potential juror who did not respond to that question, but rather indicated that he subsequently realized that he was an acquaintance of the defendant. The trial court asked subsequent questions to this juror regarding the extent of their relationship.
 "We recognize that jurors do not exist in a vacuum; they know what is going on around them; they often know what a case is about by the time they enter a courtroom, if only through rumor; they are aware of highly publicized cases and acts of the legislature.
". . . .
 "The testimony, however, makes it evident that the juror[s] did not have a 'fixed opinion.' A juror who brings his thoughts out into the open in response to voir dire questions may be the one who later 'bends over backwards' to be fair."
Clark v. State, 443 So.2d 1287, 1289 (Ala.Cr.App. 1983).
A trial court's ruling on challenges for cause based on bias, the ground on which defense counsel based these challenges, is entitled to great weight and that ruling will not be disturbed on appeal unless it is clearly shown to be an abuse of discretion. Barbee v. State, 395 So.2d 1128, 1130-31
(Ala.Cr.App. 1981). In the present case, we find no such abuse of discretion by the trial court in denying these challenges for cause.
 IV
The appellant argues that his conviction should be reversed because he says the jury was not sworn before voir dire questioning. However, the trial court twice alluded to the panel's previous qualification by another judge earlier in the week. Thus, the record indicates that the jurors' oath, pursuant to Rule 18.5, A.R.Cr.P., was administered, as well as the initial qualification oath pursuant to Rule 12.1(c), A.R.Cr.P. Hartley v. State, 598 So.2d 2 (Ala.Cr.App. 1991).
Moreover, the court proceedings prior to the voir dire examination are not contained in the record; therefore, any error in failing to administer the oath to the jury prior to voir dire questioning is not preserved. Midell v. State,570 So.2d 820 (Ala.Cr.App. 1990).
AFFIRMED.
PATTERSON, J., concurs.
BOWEN, P.J., concurs in result only with opinion.
TAYLOR and MONTIEL, JJ., join BOWEN's special concurrence.
BOWEN, Presiding Judge, concurring in result only.
When defense counsel informed Juror 118 that he represented the plaintiff in a civil suit against the juror's husband, he was not "inviting error." He was acting prudently in the defense of his client.
However, defense counsel did not go far enough towards meeting "his burden of showing that the juror was probably prejudiced." Ex parte Ellington, 580 So.2d 1367, 1369
(Ala. 1990) (Maddox, J., concurring specially).
The appellant's attorney should have asked the juror two follow-up questions: (1) whether the juror, having been made aware that counsel was suing her husband, would be prejudiced against the appellant in the current prosecution and, if so, (2) whether she could set aside that prejudice and decide the case fairly on the facts presented at trial.
In Ellington, supra, a potential juror stated that her husband was a member of the city police force. Defense counsel asked the juror whether the fact that her husband was employed by the police department would "affect [her] ability to hear this case?" The juror replied, "Yes, sir, it would."580 So.2d at 1368. The Alabama Supreme Court held that while "there was only a limited exchange between the [appellant's] attorney and [the potential juror]," "that exchange d[id] indicate probable prejudice on [the juror's] part." 580 So.2d at 1369.
I concur in the result because, in the absence of any follow-up questioning of Juror 118, the appellant failed to establish the juror's *Page 696 
probable prejudice and the trial court correctly denied the challenge for cause.