Pursuant to Rule 39(k), A.R.App.P., we granted the defendant's petition for writ of certiorari to the Court of Criminal Appeals in this "no opinion" case, 502 So.2d 396, to review a single issue: Whether the trial court abused its discretion in denying the defendant's "challenge for cause" of a prospective juror.
Because the State agrees with the petitioner's Rule 39(k) statement of the facts, we quote directly from that statement:
 "On voir dire examination the defense asked prospective jurors the following question: 'Do any of you have a strong religious or moral belief against the use of alcohol?' Mrs. Delores Jones, a prospective juror, indicated that she had a strong belief against use of alcohol. (R-143) She was then asked whether or not her belief would affect her ability to make a fair and impartial decision in this case. (R-143) In response to this question she replied, 'I'm sorry, I just can't answer that.' (R-144) She then stated it might affect her ability to make a fair and impartial decision. (R-144)
 "The Court then asked this prospective juror to approach the bench for further questioning. (R-185) The Court then asked her whether or not she could be fair and impartial to both sides, put out of her mind what she knew or heard and decide the case solely on the law and evidence. (R-185) She then replied, 'I would hope that I would be fair, but there's so much more involved in it.' (R-185) *Page 724 
She stated, 'As for him being guilty of murder or anything to that extent, I have no opinion whatsoever.' 'It's just the alcohol that I don't know about.' (R-185) Defense counsel then asked her, 'Do you think Mrs. Jones, if there was testimony, there was use of alcohol by my client, would that possibly affect your ability to be impartial?' (R-185) She replied, 'I hope not, but I cannot say it would not.' (R-185) The Court then denied the defense's challenge for cause of this prospective juror. (R-187)"
The State urges our affirmance on the authority of two propositions set forth in Clark v. State, 443 So.2d 1287
(Ala.Cr.App. 1984): 1) "A trial court's ruling on challenge for cause based on bias is entitled to great weight and will not be disturbed on appeal unless clearly shown to be an abuse of discretion"; and 2) "a juror who brings his thoughts out into the open in response to voir dire questions may be the one who later 'bends over backwards to be fair.' "
Although we agree with the State's first proposition, the test for determining the propriety of the trial court's ruling in such cases must be measured against the defendant's constitutional right to a fair trial. No right of an accused felon is more basic than the right to "strike" a petit jury from a panel of fair-minded, impartial prospective jurors.
The State's proposed application of Clark's "honesty of the juror" test is a misreading of Clark. While forthrightness and candor on the part of a juror are admirable, even applaudable character traits, when questioned about his or her ability to give the case impartial, unbiased consideration, it is thesubstance of the juror's answers, honestly given, that forms the test for granting or denying the defendant's challenge for cause. Surely, it is not the holding of Clark that a prospective juror, who unequivocally expresses a fixed opinion about the matter the jury will be called upon to decide, could withstand a challenge for cause based on the reasoning that the juror's demonstrated virtue of righteousness indicates that he or she will "bend over backwards to be fair."
Indeed, here, the challenged juror is to be complimented for her honesty and candor; but we must look beyond these admirable traits of character to the substance of what she said as the ultimate test for her qualification to act as a fair and impartial juror in this case.
We begin our analysis by examining the nature of the charge for which the defendant was being tried. He was indicted on two counts of murder arising out of the use of an automobile while he was allegedly under the influence of alcohol. A legitimate area of concern to defense counsel was whether any of the prospective jurors held strong convictions relative to the defendant's use of alcohol. Conceivably, answers to these inquiries could fall into two categories: 1) those affecting the defendant's choice of peremptory challenges (those light impressions which may fairly yield to the testimony); and 2) those affecting the juror's qualifications (those strong and deep impressions which will close the mind against the testimony).
Applying these principles to the answers given by this juror, as well as the admonition that court proceedings must not onlybe fair but must also appear to be fair, we hold that the trial court abused its discretion in not granting the defendant's challenge for cause. That portion of the juror's reply, "I hope [the defendant's use of alcohol would not affect my ability to be impartial], but I cannot say it would not," does not reduce her answers, when taken as a whole, from category 2 (challenge for cause) to category 1 (peremptory challenge).
Understandably, as is often true in such cases, this juror used language such as "I just can't answer that," "I would hope that I would fair," and "I hope [I would not be unfair]"; and, when taken out of context and standing alone, they appear to be expressions of equivocation. Any and all doubt, however, as to the depth and strength of her impressions is removed when the substance of her replies is viewed in full context and as a whole; thus, the *Page 725 
defendant's challenge for cause should have been granted.
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.