TYSON, Judge.
On March 23, 1988, the appellant here, Lewis K. Cato was arrested and charged with driving under the influence of alcohol, improper lane usage, and driving while his license was revoked. He was tried and found guilty of all three charges in the Municipal Court of Montgomery, Alabama. He appealed his convictions to the Circuit Court of Montgomery County, Alabama.
On March 6, 1989, the appellant pleaded guilty to driving while his license was revoked. He pleaded not guilty to the re *391 maining charges and was tried by jury in the circuit court. The petit jury found the appellant guilty of driving under the influence of alcohol and guilty of improper lane usage.
The trial judge fined the appellant $200 on his plea to the charge of driving while his license was revoked; fined him $100 for improper lane usage; and sentenced the appellant to one year in the county jail plus a $1,000 fine, because of his past record, for the conviction of driving under the influence.
I
After his arrest, the appellant was taken to the Montgomery Police Department, where his blood was tested for alcohol content. The test was administered by a certified officer with an Intoxilyzer. The test revealed the appellant’s blood alcohol content to be .18 percent. The legal level of intoxication is .10 percent.
The appellant requested that he be allowed to obtain an independent blood test. The appellant was given the opportunity to phone whomever he chose when he was placed in jail. He attempted to call his wife, but she was not at home.
The appellant made a motion to suppress before trial, arguing that the results of the Intoxilyzer test should not be admitted because, he argued, he was not provided a “reasonable opportunity” to obtain an independent blood test.
Section 32-5A-194(a)(3), Code of Alabama 1975, provides that an accused may have an independent test done by the proper medical authorities at his own expense. But this code section also states:
“The failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a. law enforcement officer.”
Therefore, the admission of the results of a blood alcohol test performed by the police is not dependent on the appellant’s opportunity to acquire an additional, independent test. Thus, the admission of the test results in this case was not error. See Bilbrey v. State, 531 So.2d 27 (Ala.Cr.App.), cert. denied (Ala.1987) (access to a telephone constitutes a reasonable opportunity to obtain an independent test).
II
The appellant also contends that the trial court erred to reversal by refusing to strike a prospective juror for cause. See Ala.Code § 12-16-150 (1975).
During voir dire of the venire panel, the trial judge asked: “Do any of you believe that drinking alcoholic beverages automatically impairs a person’s ability to operate a vehicle?” (S.R.10.) One of the veniremen responded in the affirmative.
Later, defense counsel sought to challenge this venireman for cause. The trial judge called the venireman to the stand and asked the following questions:
“THE COURT: All right, sir. What I’m going to ask you is this: Would you be willing to listen to the evidence in this ease and make your determination as [to] the impairment and any violations of the elements of law as I instruct you based on the evidence you hear in this case?
“MR. CRAFT: Yes. And your instructions, yes, sir.
“THE COURT: And put any preconceived notion of what you may have had before that out? Can you listen to the evidence in this case and render a verdict based on the evidence in this case?
“MR. CRAFT: Yes, sir.
“THE COURT: Can you do that, sir?
“MR. CRAFT: I believe so.” (R.13.)
The trial judge then denied the appellant’s motion to strike for cause.
This court recently addressed a very similar issue in Perryman v. State, 558 So.2d 972 (Ala.Cr.App.1989). In Perryman, we made clear that, if a prospective juror has a fixed opinion about alcohol but indicates *392 that he or she can put that opinion aside and consider only the evidence, removal of that venireman for cause is not warranted. In Perryman, we quoted the United States Supreme Court, as follows:
“It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.”
Irvin v. Dowd, 366 U.S. 717, 723, 81 S.Ct. 1639, 1643, 6 L.Ed.2d 751 (1961). See also Kinder v. State, 515 So.2d 55, 61 (Ala.Cr.App.1986); Stringfellow v. State, 485 So.2d 1238, 1241 (Ala.Cr.App.1986).
Furthermore, as in Perryman, the cause sub judice is clearly distinguishable from Ex parte Beam, 512 So.2d 723 (Ala.1987). In Beam, the venireman did not indicate that she could put her feelings aside. This is not the case in the cause sub judice. Here, the veniremen indicated that he would base his opinion on the evidence and the instructions of law as given by the trial judge.
For the reasons stated, the judgment of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.