The appellant, Robert Hunter, Sr., was convicted of child abuse and was sentenced to eight years' imprisonment. Ala. Code 1975, § 26-15-3. He appeals, raising two issues.
 I.
The appellant first contends that the trial court committed reversible error by denying his challenge of a prospective juror for cause. Immediately after the voir dire examination of the jury venire by the trial court and counsel for the parties, in which the venirepersons were advised that the case about to be tried involved child abuse, and just before a recess, the court stated: "If any of you would like to answer any of those questions or have some problems with the case privately, you need to come up and let the rest of them go ahead and be getting some coffee." Venireperson Shirley Franklin responded. The record shows that the following occurred:
 "A JUROR: I'm Shirley Franklin. I'm an emotional person when it comes to children being abused.
 "THE COURT: Do you think you could listen to the evidence and make a decision based on the evidence of the case?
"A JUROR: I don't know.
 "THE COURT: Okay. Thank you, very much. Yes, ma'am."
She was not questioned further. Subsequently, in denying the appellant's challenge of Franklin for cause, the trial court stated only that its recollection of her testimony on voir dire was that she did not want to serve.
Our Supreme Court has held that "[n]o right of an accused felon is more basic than the right to 'strike' a petit jury from a panel of fair-minded, impartial prospective jurors."Ex parte Beam, 512 So.2d 723, 724 (Ala. 1987). The propriety of a trial court's ruling in the challenge of a venireperson for cause based on bias must be measured against a defendant's constitutional right to a fair trial. Ex parte Beam;
U.S. Const. Amend. VI, XIV. The qualification of a prospective juror is a matter within the discretion of the trial court, and a trial court's ruling on a challenge for cause based on bias is entitled to great weight and will not be disturbed on appeal unless there is a clear showing of abuse of that discretion. Exparte Rutledge, 523 So.2d 1118 (Ala. 1988). An appellate court must look to the questions propounded *Page 222 
to, and the answers given by, the prospective juror to see if this discretion was properly exercised. Knop v. McCain,561 So.2d 229 (Ala. 1989). "Ultimately, the test to be applied is whether the juror can set aside [his or] her opinions and try the case fairly and impartially, according to the law and the evidence." Id. at 232. "[A] prospective juror should not be disqualified for prejudices or biases if it appears from his or her answers and demeanor that the influence of those prejudices and biases can be eliminated and a verdict rendered according to the evidence." Id. See also Fordham v. State, 513 So.2d 31
(Ala.Cr.App. 1986).
The venireperson in question in the instant case gave an equivocal answer when asked by the trial court if she could render a decision based on the evidence in the case, just after indicating a probable prejudice due to the nature of the case. The Supreme Court in Knop states the rule governing this type of situation, as follows:
 "Once a juror makes an initial statement that is vague, ambiguous, equivocal, uncertain, or unclear or that shows confusion, it is the trial judge's function to question the juror further, so as to ascertain whether the juror can be impartial. However, once a juror indicates initially that he or she is biased or prejudiced or has deep-seated impressions, so as to show that he or she cannot be neutral, objective, or impartial, the challenge for cause must be granted. This is particularly true when a juror . . . volunteers her doubts."
561 So.2d at 234. The trial court should have questioned the prospective juror further to ascertain whether she could be impartial. It did not do so, and in the posture in which the matter was left, the trial court should have granted the appellant's challenge for cause. As stated above, Franklin had indicated a probable prejudice against persons charged with child abuse and had indicated that it would be difficult for her to be impartial. The fact that she volunteered this information indicates a deep-seated impression not subject to change. She should have been excused from the jury without the appellant's having to use a peremptory challenge.[1] The trial court committed reversible error in denying the appellant's challenge of prospective juror Franklin for cause.
 II.
The remaining issue raised by the appellant concerns the giving of the following instruction to the jury: "I charge you that the offense of child abuse, as I have defined that offense to you, does encompass acts of omission, as well as acts of commission." The appellant argues, with some persuasion, that the trial court erred in giving the charge because the indictment alleged abuse by affirmative acts rather than acts of omission and that the charge submitted an offense to the jury for which he was neither charged nor given notice. We find it unnecessary to address this issue since there was no proper objection made to the giving of the instruction at trial, and hence, the issue is not preserved for review.
For the denial of the appellant's challenge of prospective juror Franklin for cause, we reverse and remand this case.
REVERSED AND REMANDED.
All Judges concur.
[1] The state contended, in brief, that a reversal of the case because of the denial of the challenge of Franklin for cause was not proper since she did not serve on the petit jury and, thus, the appellant had not demonstrated prejudice. It argued that the record does not show that Franklin served on the jury, implying that she had been peremptorily challenged. It relies on Ross v. Oklahoma, 487 U.S. 81, 108 S.Ct. 2273,101 L.Ed.2d 80 (1988), and Smith v. State, 581 So.2d 497 (Ala.Cr.App. 1990). The record does not show whether Franklin served on the petit jury or was struck peremptorily; however, it does not matter. The reference to Ross v. Oklahoma in Smith v. State is dicta, and the narrow holding in Ross v. Oklahoma with which we are dealing is contrary to the holdings of the Alabama Supreme Court in Beam, Rutledge, and Knop, and is not the law in Alabama. In Alabama, a defendant has the right to strike a petit jury from a panel of fair-minded, impartial prospective jurors. *Page 223