The appellant was convicted for the murder of her newborn child, in violation of § 13A-6-2, Code of Alabama, and was sentenced to 40 years' imprisonment.
The appellant contends that the trial court committed reversible error by denying her challenge of a prospective juror for cause. During voir dire, the district attorney asked the jury venire the following question:
 "The last question I have, ladies and gentlemen, is there anybody here for some reason that I have not touched on but feel you should not be a juror in this case? For some reason, those of you — several of you said you don't feel that you would be a fair juror because of the pre-trial publicity or you said you talked about the case or something else, but is there anybody here who has not answered who feels that, for some reason personal to yourself, you just cannot be fair to the Defendant and to the State of Alabama if you were a juror in this case? Anybody?"
In response, Juror M.D., stated:
 "I would think it would be hard for me with a new baby in my home.
 "[District attorney]: Thank you. I appreciate that, Ms. D.
"Anybody else?
"(No response)
"[District attorney]: Thank you very much.
"THE COURT: [Defense counsel]?
". . . .
 "[Defense counsel]: [the district attorney] has asked you about your children and grandchildren and that, and I think — Ms. D., you indicated that you would have a problem serving on the jury because you've got a three-day-old in your house; is that right?
 "JUROR D.: It would be hard for me to be fair, I think."
In response to the appellant's challenge of this juror for cause, the following transpired.
"THE COURT: Any objection to Ms. D? *Page 1109 
 "[District attorney]: I don't know that she said she could not be fair. She said she would prefer not to be on the jury, but I don't know that she said —
"THE COURT: What do you have that she said?
 "[Defense counsel]: Judge, I don't have her verbatim; however, I do have a note that I challenge her for cause based on her response to [the district attorney's] questions.
 "[District attorney]: I understood that she said she had a three-day-old baby in her home and would prefer not to be on the jury.
"THE COURT: That one is not sustained."
In Hunter v. State, 585 So.2d 220 (Ala.Cr.App. 1991), this court recently held that the trial court committed reversible error in denying the appellant's challenge for cause of a juror who gave an equivocal answer when asked by the trial court if she could render a decision based on the evidence in the case. In Hunter, this court stated:
 "Our Supreme Court has held that '[n]o right of an accused felon is more basic than the right to "strike" a petit juror from a panel of fair-minded, impartial prospective jurors.' Ex parte Beam, 512 So.2d 723, 724 (Ala. 1987). The propriety of a trial court's ruling in the challenge of a venire person for cause based on bias must be measured against a defendant's constitutional right to a fair trial. Ex parte Beam, U.S. Const. Amends. VI, XIV. The qualification of a prospective juror is a matter within the discretion of the trial court, and a trial court's ruling on a challenge for cause based on bias is entitled to great weight and will not be disturbed on appeal unless there is a clear showing of abuse of that discretion. Ex parte Rutledge, 523 So.2d 1118 (Ala. 1988). An appellate court must look to the questions propounded to, and the answers given by, the prospective juror to see if this discretion was properly exercised. Knop v. State, 561 So.2d 229 (Ala. 1989). 'Ultimately, the test to be applied is whether the juror can set aside [his or] her opinions and try the case fairly and impartially, according to the law and the evidence.' Id. at 232. '[A] prospective juror should not be disqualified for prejudices or biases if it appears from his or her answers and demeanor that the influence of those prejudices and biases can be eliminated and a verdict rendered according to the evidence.' Id. See also Fordham v. State, 513 So.2d 31 (Ala.Cr.App. 1986)."
Id. at 221-22.
The facts in the instant case are similar to those inHunter. In both cases a juror responded equivocally to a question of whether the juror could render a fair and impartial decision. In Knop v. McCain, 561 So.2d 229, 234 (1989), the Alabama Supreme Court held:
 "Once a juror makes an initial statement that is vague, ambiguous, equivocal, uncertain, or unclear or that shows confusion, it is the trial judge's function to question the juror further, so as to ascertain whether the juror can be impartial. However, once a juror indicates initially that he or she is biased or prejudiced or has deep-seated impressions, so as to show that he or she cannot be neutral, objective, or impartial, the challenge for cause must be granted. This is particularly true when a juror . . . volunteers her doubts."
Cf. Rowell v. State, 570 So.2d 848 (Ala.Cr.App. 1990); Parduev. State, 571 So.2d 335 (Ala.Cr.App. 1990).
A reading of the record suggests that the juror in this case indicated bias against the appellant because her three-day-old granddaughter lived with her in her home. For this reason, the trial court should have asked additional questions of the juror to determine if she could lay aside any bias she might possess and hear the case in an impartial manner. Because the trial court failed to ask the juror additional questions regarding her prejudice and later denied the appellant's challenge for cause, the appellant was improperly forced to exercise a peremptory strike to remove the juror. *Page 1110 
See Uptain v. State, 534 So.2d 686 (Ala.Cr.App. 1988).
REVERSED AND REMANDED.
All Judges concur, except MONTIEL, J., who dissents with opinion.