698 So.2d 238 (1997)
Ex parte State of Alabama.
(Re Joseph Dewey AKIN
v.
STATE.)
1960712.
Supreme Court of Alabama.
June 13, 1997.
Jeff Sessions and Bill Pryor, Attys. Gen., and Jean A. Therkelsen, Asst. Atty. Gen., for Petitioner.
William A. Short, Jr., Bessemer, for Respondent.
David Barber, District Atty., and Roger Brown, Chief Deputy District Atty., for Amicus Curiae Jefferson County District Attorney's Office.
PER CURIAM.
WRIT DENIED. NO OPINION.
ALMON, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.
HOOPER, C.J., and MADDOX and SEE, JJ., dissent.
SEE, Justice (dissenting).
The issue presented by the State's petition for certiorari review is whether a defendant, who was convicted of murder by an impartial jury, should nevertheless receive a new trial because a person who did not sit on the jury had been excluded by an extra peremptory strike instead of for cause. Despite the United States Supreme Court's definitive holding in Ross v. Oklahoma, 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988), that a new trial is not required, the majority denies certiorari review, thus allowing the creation of an expansive right to retrial for criminal defendants convicted by fair and impartial juries. I must respectfully dissent.
A jury convicted Joseph Dewey Akin of murder. The trial court sentenced him to life in prison. Akin v. State, 698 So.2d 228 (Ala.Crim.App.1996). The trial court had denied Akin's challenge for cause as to juror M.M. Id. at 232. The Court of Criminal Appeals determined that the trial court should have struck juror M.M. for cause, and for that reason reversed Akin's murder conviction.[1] Akin used one of his peremptory *239 strikes to excuse M.M. Akin does not dispute that his jury was impartial.
This Court has stated: "No right of an accused felon is more basic than the right to `strike' a petit jury from a panel of fairminded, impartial prospective jurors." Ex parte Beam, 512 So.2d 723, 724 (Ala.1987). To determine whether a defendant has been afforded trial by an impartial jury through the exercise of this right, Alabama courts have traditionally employed the federal constitutional standard for ensuring a fair trial.
The Sixth Amendment to the Constitution of the United States provides in pertinent part:
"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed...."
(Emphasis added.) Further, the Fourteenth Amendment to the Constitution provides in pertinent part:
"No State shall ... deprive any person of life, liberty, or property, without due process of law...."
Our courts have long recognized that a defendant's right to an impartial jury under Alabama law is coextensive with the right to an impartial jury as guaranteed by the Sixth and Fourteenth Amendments to the federal Constitution. For example, in Long v. State, 86 Ala. 36, 42, 5 So. 443, 447 (1889), this Court relied on the United States Supreme Court's interpretation of the Sixth Amendment in Reynolds v. United States, 98 U.S. (8 Otto) 145, 25 L.Ed. 244 (1878), to determine whether a potential juror should have been disqualified for bias.[2] In Knop v. McCain, 561 So.2d 229, 233 (Ala.1989), this Court relied on the United States Supreme Court's interpretation of the Sixth and Fourteenth Amendments in Wainwright v. Witt, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985),[3] to determine whether certain jurors should have been disqualified for cause. And, in Dobyne v. State, 672 So.2d 1319, 1332 (Ala. Crim.App.1994), the Court of Criminal Appeals relied on the United States Supreme Court's interpretation of the Sixth and Fourteenth Amendments in Irvin v. Dowd, 366 U.S. 717, 723, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961),[4] to assess potential juror bias. Thus, Alabama courts have consistently looked to the United States Supreme Court's interpretation of the right to an impartial jury to define the scope of a defendant's right to strike potential jurors.
The United States Supreme Court's decision in Ross, 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80, concerned a defendant who had been convicted of murder by an impartial jury, but who nevertheless challenged his conviction on the basis that he had been required to use one of his peremptory strikes to excuse a juror who should have been excused for cause.[5] After citing Wainwright *240 and Irvin for the proposition that the Sixth and Fourteenth Amendments guarantee the defendant a right to an impartial jury, 487 U.S. at 85, 108 S.Ct. at 2276, the Supreme Court stated:
"[Ross] was undoubtedly required to exercise a peremptory challenge to cure the trial court's error. But we reject the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury. We have long recognized that peremptory challenges are not of constitutional dimension.... They are a means to achieve the end of an impartial jury. So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated.... We conclude that no violation of [Ross's] right to an impartial jury occurred."
Ross, 487 U.S. at 88, 108 S.Ct. at 2278 (emphasis added) (citations omitted).
Akin used a peremptory challenge to remove a biased juror from his petit jury, and he does not argue that his jury was anything less than impartial. Because his jury was impartial, "the fact that [Akin] had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." Ross, 487 U.S. at 88, 108 S.Ct. at 2278.
The United States Supreme Court addressed Ross's argument that the trial court's failure to remove the juror for cause "violated his Fourteenth Amendment right to due process by arbitrarily depriving him of the full complement of nine peremptory challenges allowed under Oklahoma law." Ross, 487 U.S. at 89, 108 S.Ct. at 2278. The Supreme Court recognized that "the right to exercise peremptory challenges is `one of the most important of the rights secured to the accused.'" Id. at 89, 108 S.Ct. at 2278 (quoting Swain v. Alabama, 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965)).[6] Then, the Supreme Court stated:
"Because peremptory challenges are a creature of statute and are not required by the Constitution, ... it is for the State to determine the number of peremptory challenges allowed and to define their purpose and the manner of their exercise.... As such, the `right' to peremptory challenges is `denied or impaired' only if the defendant does not receive that which state law provides."
Ross, 487 U.S. at 89, 108 S.Ct. at 2279 (emphasis added) (citations omitted). Although Ross had to use one of his nine peremptory challenges to challenge a potential juror who should have been excused for cause, id. at 89, 108 S.Ct. at 2278, the Supreme Court held that Ross had received all the peremptory challenges provided by Oklahoma law,[7] and it refused to expand the Fourteenth Amendment to mandate the provision of more peremptory challenges. "`[T]he Constitution entitles a criminal defendant to a fair trial, not a perfect one.'" Id. at 91, 108 S.Ct. at 2280 (quoting Delaware v. Van Arsdall, 475 U.S. 673, 681, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986)).
In this noncapital murder case, Alabama law required that Akin and the State each receive six peremptory challenges. Rule 18.4(f)(1)(ii), Ala. R.Crim. P. By granting Akin a total of 20 peremptory challenges, the *241 trial court preserved not only actual fairness, but all appearances of fairness.[8] Akin used 1 of his 14 extra challenges to strike M.M. from his petit jury.[9] Unlike Ross (whose impartial-jury contention, it should be remembered, failed), Akin received more peremptory strikes than the relevant state law requires. Thus, Akin's Fourteenth Amendment right to an impartial jury was not impaired.
Akin was convicted of murder by an impartial jury.[10] Any error by the trial court in requiring Akin to use one of his extra peremptory strikes to achieve that impartial jury was wholly harmless. See Rule 45, Ala. R.App. P. (prohibiting reversal in the absence of an error that "probably injuriously affected substantial rights of the parties").[11]
The majority ignores directly applicable United States Supreme Court precedent that was once our guidepost for assessing jury impartiality. In doing so, the majority allows the creation of an apparently limitless "right" to retrial based not on any partiality of those who sit on the jury, but on the bias of those who do not.[12]
I dissent.
HOOPER, C.J., and MADDOX, J., concur.
NOTES
[1] The examination of M.M. regarding pretrial publicity included the following exchange:

"[Defense counsel]: Have you made your mind up about this case?
"Juror [M.M.]: More or less. I'm not saying it's right.
"The Court: If you were sitting out there as a defendant would you want you to judge yourself?
"Juror [M.M.]: That's exactly what I'm saying. No."
Akin v. State, 698 So.2d at 231. The Court of Criminal Appeals held that this exchange showed that M.M. had a bias that he or she could not overcome. Id. at 232. Thus, the court held that Akin should have been allowed to strike M.M. for cause under Ala.Code 1975, § 12-16-150, which provides a "for cause" strike against a potential juror who has "a fixed opinion as to the guilt or innocence of the defendant which would bias his verdict." See 698 So.2d at 231.
[2] In Long v. State, this Court quoted the now classic comment of Chief Justice Marshall on Aaron Burr's trial concerning the analysis of a potential juror's bias:

"[L]ight impressions, which may fairly be supposed to yield to the testimony that may be offered, which may leave the mind open to a fair consideration of that testimony, constitute no sufficient objection to a juror; but those strong and deep impressions, which will close the mind against the testimony that may be offered in opposition to them, which will combat that testimony and resist its force, do constitute a sufficient objection to him."
86 Ala. at 42, 5 So. at 447 (emphasis added) (citing Reynolds v. United States, 98 U.S. 145, 155, 25 L.Ed. 244 (1878) (quoting 1 Burr's Trial 416 (1807))). This Court also employed the "light impressions" analysis in Ex parte Beam, 512 So.2d 723, 724 (Ala.1987).
[3] In Wainwright v. Witt, 469 U.S. at 423, 105 S.Ct. at 851, the United States Supreme Court cited Reynolds v. United States, 98 U.S. 145, 25 L.Ed. 244 (1878), which this Court had relied on in Long v. State, 86 Ala. 36, 42, 5 So. 443, 447 (1889), as providing the proper standard for ensuring an impartial jury.
[4] In Irvin v. Dowd, 366 U.S. at 722, 81 S.Ct. at 1642, the United States Supreme Court again cited Reynolds v. United States, 98 U.S. 145, 25 L.Ed. 244 (1878), as providing the standard for ensuring an impartial jury.
[5] The Court of Criminal Appeals is unclear on its application of Ross v. Oklahoma. On the one hand, in Smith v. State, 581 So.2d 497, 504 (Ala.Crim.App.1990), rev'd on other grounds, 581 So.2d 531 (Ala.1991), the Court of Criminal Appeals, in dicta, cited Ross for the proposition that there is "no error where the appellant had to use peremptory challenges to remove jurors he argued should have been removed for cause." On the other hand, in Hunter v. State, 585 So.2d 220, 222 n. 1 (Ala.Crim.App.1991), the Court of Criminal Appeals stated, in dicta, that Ross was contrary to the holdings of this Court in Ex parte Beam, 512 So.2d 723 (Ala.1987), Ex parte Rutledge, 523 So.2d 1118 (Ala.1988), and Knop v. McCain, 561 So.2d 229 (Ala.1989). This statement in Hunter is puzzling because Beam, 512 So.2d at 724, employed Chief Justice Marshall's Sixth Amendment "light impressions" test; Rutledge, 523 So.2d at 1120, relied directly on Beam; and Knop, 561 So.2d at 233, relied on the Sixth and Fourteenth Amendment analysis contained in Wainwright v. Witt, 469 U.S. 412, 419, 105 S.Ct. 844, 849, 83 L.Ed.2d 841, (1985). Moreover, none of these cases directly addressed the issue whether only harmless error results from the use of an extra peremptory strike to excuse a potential juror who should have been excused for cause.
[6] We note that Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), subsequently undercut the significance of peremptory strikes established in Swain.
[7] Under Oklahoma law, a defendant had to use a peremptory strike against a juror to preserve for appellate review a "for cause" challenge of that juror. Ross, 487 U.S. at 89, 108 S.Ct. at 2278 (citing Ferrell v. State, 475 P.2d 825, 828 (Okla. Crim.App.1970)).
[8] In Ex parte Beam, 512 So.2d 723, 724 (Ala. 1987), this Court stated that "court proceedings must not only be fair but must also appear to be fair." (Emphasis in original.)
[9] As the district attorney's cogent amicus brief points out, there is no requirement under Alabama law that a trial court "even up" the number of veniremembers on the strike list after a challenge for cause so that the State and the defense will have the same number of peremptory strikes. Thompson v. State, 611 So.2d 476, 478 (Ala.Crim.App.1992).
[10] That the ultimate jury might have been "different" had Akin been afforded an additional peremptory strike is inapposite because the constitutional inquiry focuses not on which particular individuals serve on the jury, but on the jury's impartiality. The Supreme Court stated:

"Although we agree that the failure to remove [the juror who should have been struck for cause] may have resulted in a jury panel different from that which would otherwise have decided the case, we do not accept the argument that this possibility mandates reversal."
Ross, 487 U.S. at 87, 108 S.Ct. at 2277.
[11] Rule 45, Ala. R.App. P., provides:

"No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
[12] "[T]he concept of a peremptory challenge as a totally freewheeling right unconstrained by any procedural requirement is difficult to imagine." Ross, 487 U.S. at 90, 108 S.Ct. at 2279.