The appellant, Tchnavian Rolanda Dailey, appeals from her conviction for criminally negligent homicide, a violation of § 13A-6-4, Ala. Code 1975. She was sentenced to one year's imprisonment in the county jail; that sentence was split, and she was ordered to serve six months' imprisonment, with the balance of the sentence suspended on the condition that she exhibit good behavior for two years.
The evidence tended to show the following: On June 22, 1998, the appellant, a driver of a day care van transporting children, left Demyreon Lindley, a three-year-old child, unattended and strapped in a car seat inside of the closed and locked van, which ultimately led to his death.
The appellant argues that the trial court erred in granting the State's challenge for cause of jury veniremember, K.K. In support of her argument, she states that although K.K. stated during voir dire that she had heard of the case and that she had formed a fixed opinion about the case that she had maintained since the previous summer (the summer the incident occurred), specifically, that the appellant was not guilty, she also stated that she could base her decision on the evidence presented at trial.
The following portion of the record, in pertinent part, is prospective juror K.K.'s voir dire examination:
"[The Court]: K.K.
"[K.K.]: Yes.
"[The Court]: What's the source of any information you have?
"[K.K.]: The newspaper and the news. The news first.
"[The Court]: The news being television?
"[K.K.]: Television, yeah, whatever, television, yeah.
"[The Court]: And plus the newspaper.
"[K.K.]: Yes.
 "[The Court]: Do you have a fixed opinion as to what the outcome —
 "[K.K.]: Well, I actually formed an opinion last summer and I have maintained that opinion. But that's not to say I wouldn't change my mind based on the evidence.
 "[The Court]: Are you saying that you could be in a frame of mind to sit on the jury and render a fair verdict based only on the evidence that you hear in court?
"[K.K.]: Yes, sir. I could change my opinion; yes, sir.
"[The Court]: Wait just a second.
 "[Prosecutor]; [K.K.], if you were called on to be a juror in this case, could you listen to all of the evidence and —
"[K.K.]: Definitely.
 "[Prosecutor]: — and decide the case based solely on the evidence presented here, and could you listen to the Judge's instruction to the —
"[K.K.]: (Nods head affirmatively.)
"[Prosecutor]: — jury —
"[K.K.]: uh-huh.
 "[Prosecutor]: — in regards to the law and base your decision on the Judge's instructions to you coupled with the information and the evidence that's presented on the stand and render a verdict in this case?
"[K.K.]: Uh-huh. *Page 339 
 "[Prosecutor]: And I missed — we were talking. Did you ask her what her opinion —
"[The Court]: He hasn't asked her anything yet.
"[Prosecutor]: Oh, okay. I'm sorry. That's all.
"[Defense counsel]: What's your opinion?
"[K.K.]: Innocent.
"[Defense counsel]: Very good.
"[Defense counsel #2]: Thank you. No other questions.
"[The Court]: Next please."
At the close of the voir dire examination, the trial court heard the challenges for cause on the part of the State and the defense. The Court granted the State's challenge for cause of veniremember K.K. over the objection of defense counsel, who had stated that he objected to [K.K.] being struck for cause because "[s]he was asked by the prosecution if she could reach a verdict, and she said she could." The trial court, without elaboration, noted the objection and granted the State's challenge for cause.
In England v. State, 601 So.2d 1108, 1109 (Ala.Cr.App. 1992), this Court, quoting Hunter v. State, 585 So.2d 220, 221-22 (Ala.Cr.App. 1991), stated:
 "`Our Supreme Court has held that "[n]o right of an accused felon is more basic than the right to `strike' a petit juror from a panel of fair-minded, impartial prospective jurors." Ex parte Beam, 512 So.2d 723, 724
(Ala. 1987). The propriety of a trial court's ruling in the challenge of a venireperson for cause based on bias must be measured against a defendant's constitutional right to a fair trial. Ex parte Beam, U.S. Const. Amends. VI, XIV. The qualification of a prospective juror is a matter within the discretion of the trial court, and a trial court's ruling on a challenge for cause based on bias is entitled to great weight and will not be disturbed on appeal unless there is a clear showing of abuse of that discretion. Ex parte Rutledge, 523 So.2d 1118 (Ala. 1988). An appellate court must look to the questions propounded to, and the answers given by, the prospective juror to see if this discretion was properly exercised. Knop v. McCain, 561 So.2d 229 (Ala. 1989). "Ultimately, the test to be applied is whether the juror can set aside [his or] her opinions and try the case fairly and impartially, according to the law and the evidence." Id. at 232. "[A] prospective juror should not be disqualified for prejudices or biases if it appears from his or her answers and demeanor that the influence of those prejudices and biases can be eliminated and a verdict rendered according to the evidence." Id. See also Fordham v. State, 513 So.2d 31
(Ala.Cr.App. 1986).'"
Additionally, in Minshew v. State, 542 So.2d 307, 309 (Ala.Cr.App. 1988), this Court stated:
 "`The test to be applied [in qualifying a prospective juror] is probable prejudice. Probable prejudice for any reason disqualifies a prospective juror. Qualification of a juror is a matter within the discretion of the trial court and, on appeal, this court will look to the questions propounded and the answers given by the prospective juror to see if this discretion was properly exercised.' Alabama Power Co. v. Henderson, 342 So.2d 323, 327 (Ala. 1977).
 "`To justify a challenge of a juror for cause there must be a statutory ground . . ., or some matter which imports absolute bias or favor, and leaves nothing to the discretion of the trial court.' Nettles v. State, 435 So.2d 146, 149 (Ala.Cr.App.), affirmed, Ex parte Nettles, 435 So.2d 151 (Ala. 1983)."
 "Even `[p]roof that the juror has a biased or fixed opinion is insufficient. *Page 340 
 There must be proof that the opinion was "so fixed that it would bias the verdict of the juror."' Clark v. State, 443 So.2d 1287, 1288 (Ala.Cr.App. 1983). `[I]f the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court,' he is not subject to challenge for cause. Mahan v. State, 508 So.2d 1180, 1182
(Ala.Cr.App. 1986)."
See also, Sparks v. State, 450 So.2d 188, 191 (Ala.Cr.App, 1984).
Although there was proof of some prior bias on the part of K.K. because she openly informed the trial court that she had formed an opinion in the case, such bias was far from the absolute bias that would have prevented her from serving on the jury and rendering a fair and impartial verdict. The trial court extensively questioned K.K. to determine whether she could set aside her opinion, listen to the evidence, and render a decision based only on that evidence, and she repeatedly assured the trial court that she could do so. "A juror who brings his thoughts out into the open in response to voir dire questions may be the one who later `bends over backwards' to be fair." Mahan v. State, 508 So.2d 1180, 1182
(Ala.Crim.App. 1986).
Here, because there was no evidence of an absolute bias on the part of veniremember K.K. that would have disqualified her from serving on the jury, the trial court erroneously granted the State's challenge for cause.
This judgment is therefore, due to be, and is, reversed and the cause remanded.
REVERSED AND REMANDED.
Long, P.J., and Cobb, Baschab, and Fry, JJ., concur.