Tchnavian Rolanda Dailey, the driver of a day-care van, was convicted of criminally negligent homicide, a violation of § 13A-6-4, Ala. Code 1975, after she left Demyreon Lindley, a three-year-old child, unattended in a closed van, ultimately causing his death. The Court of Criminal Appeals reversed her conviction, concluding that the trial court had erred in granting the State's challenge for cause of prospective juror K.K.Dailey v. State, 828 So.2d 337 (Ala.Crim.App. 2000). We granted the State's petition for certiorari review to determine whether the holding of the Court of Criminal Appeals conflicts with this Court's holding inEvans v. State, 794 So.2d 411 (Ala. 2000). We reverse and remand.
The record includes the following relevant portion of the voir dire examination of prospective juror K.K.:
"[The Court]: K.K.
"[K.K.]: Yes.
"[The Court]: What's the source of any information you have?
"[K.K.]: The newspaper and the news. The news first.
"[The Court]: The news being television? *Page 342 
"[K.K.]: Television, yeah, whatever, television, yeah.
"[The Court]: And plus the newspaper.
"[K.K.]: Yes.
 "[The Court]: Do you have a fixed opinion as to what the outcome —
 "[K.K.]: Well, I actually formed an opinion last summer and I have maintained that opinion. But that's not to say I wouldn't change my mind based on the evidence.
 "[The Court]: Are you saying that you could be in a frame of mind to sit on the jury and render a fair verdict based only on the evidence that you hear in court?
"[K.K.]: Yes, sir. I could change my opinion; yes, sir.
"[The Court]: Wait just a second.
"[The Prosecutor]:
 [K.K.], if you were called on to be a juror in this case, could you listen to all of the evidence and —
"[K.K.]: Definitely.
 "[Prosecutor]: — and decide the case based solely on the evidence presented here, and could you listen to the Judge's instruction to the —
"[K.K.]: (Nods head affirmatively.)
"[Prosecutor]: — jury —
"[K.K.]: Uh-huh.
 "[Prosecutor]: — in regards to the law and base your decision on the Judge's instructions to you coupled with the information and the evidence that's presented on the stand and render a verdict in this case?
"[K.K.]: Uh-huh.
 "[Prosecutor]: And I missed — we were talking. Did you ask her what her opinion —
"[The Court]: He hasn't asked her anything yet.
"[Prosecutor]: Oh, okay. I'm sorry. That's all.
"[Defense counsel]: What's your opinion?
"[K.K.]: Innocent."
The State challenged K.K. for cause, and the trial judge granted the challenge over the objection of defense counsel. The Court of Criminal Appeals held that "because there was no evidence of an absolute bias on the part of veniremember K.K. that would have disqualified her from serving on the jury, the trial court erroneously granted the State's challenge for cause." 828 So.2d at 340. The State, relying on Rule 45, Ala.R.App.P., and Evans v. State, argues that even if K.K.'s removal for cause was error, it was harmless error and therefore does not require a reversal.
We first consider whether the trial court erred in granting the State's challenge of K.K. for cause. Section 12-16-150, Ala. Code 1975, reads in pertinent part:
 "It is good ground for challenge of a juror by either party:
". . . .
 "(7) That he has a fixed opinion as to the guilt or innocence of the defendant which would bias his verdict."
The Court of Criminal Appeals correctly stated the relevant test to be applied in qualifying a prospective juror in Minshew v. State,542 So.2d 307, 309 (Ala.Crim.App. 1988):
 "`The test to be applied [in qualifying a prospective juror] is probable prejudice. Probable prejudice for any reason disqualifies a prospective juror. Qualification of a juror is a matter within the discretion of the trial court and, on appeal, this court will look to the questions propounded and the answers given by the prospective juror to see if this *Page 343 
discretion was properly exercised.' Alabama Power Co. v. Henderson, 342 So.2d 323, 327 (Ala. 1977).
 "`To justify a challenge of a juror for cause there must be a statutory ground . . ., or some matter which imports absolute bias or favor, and leaves nothing to the discretion of the trial court.' Nettles v. State, 435 So.2d 146, 149 (Ala.Cr.App.), affirmed, Ex parte Nettles, 435 So.2d 151 (Ala. 1983).
 "Even `[p]roof that the juror has a biased or fixed opinion is insufficient. There must be proof that the opinion was "so fixed that it would bias the verdict of the juror."' Clark v. State, 443 So.2d 1287, 1288
(Ala.Cr.App. 1983). `[I]f the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court,' he is not subject to challenge for cause. Mahan v. State, 508 So.2d 1180, 1182 (Ala.Cr.App. 1986)."
In holding that the trial judge erred in granting the State's challenge of K.K., the Court of Criminal Appeals stated:
 "Although there was proof of some prior bias on the part of K.K. because she openly informed the trial court that she had formed an opinion in the case, such bias was far from the absolute bias that would have prevented her from serving on the jury and rendering a fair and impartial verdict. The trial court extensively questioned K.K. to determine whether she could set aside her opinion, listen to the evidence, and render a decision based only on that evidence, and she repeatedly assured the trial court that she could do so. `A juror who brings his thoughts out into the open in response to voir dire questions may be the one who later "bends over backwards" to be fair.' Mahan v. State, 508 So.2d 1180, 1182 (Ala.Crim.App. 1986)."
828 So.2d at 340. We agree with this reasoning of the Court of Criminal Appeals; the trial court erred in granting the State's challenge of K.K. for cause. However, the Court of Criminal Appeals erred in failing to perform a harmless-error analysis before reversing the trial court's judgment.
Rule 45, Ala.R.App.P., reads:
 "No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
In Evans v. State, supra, the trial court had granted the State's challenge of a veniremember for cause based upon the fact that she was married to defense counsel's uncle. The Court of Criminal Appeals held that the trial court had erred in granting the challenge and that Evans's constitutional right to a fair trial had been violated. Therefore, the Court of Criminal Appeals reversed Evans's convictions. This Court held that the trial court had erred in granting the State's challenge for cause, but held that the error was "harmless error" under Rule 45, Ala.R.App.P. We reasoned in Evans that the defendant's constitutional rights had not been violated:
 "Evans argues that the trial court's error in excusing [veniremember] E.F.W. violated his right to a trial by an impartial jury, a right guaranteed by Amendments 6 and 14 of the United States Constitution and § 6 of the Alabama *Page 344 
Constitution. However, the United States Supreme Court has held that a defendant's federal right to an impartial jury was not automatically violated merely by an erroneous ruling on a challenge for cause. Ross v. Oklahoma, 487 U.S. 81, 87-88 (1988); see also United States v. Martinez-Salazar, 528 U.S. 304
(2000). As long as the jury that heard the case was impartial, the right guaranteed by the United States Constitution was not violated. See Ross, 487 U.S. at 87-88. This rule would also apply to § 6 of the Alabama Constitution, which gives the defendant the right to a trial `by an impartial jury of the county or district in which the offense was committed.' The plain meaning of this language is that the defendant is entitled only to an impartial jury and that unless the defendant can show that a trial court's erroneous ruling during jury selection prevented the jury from being impartial, there is no violation of § 6."
794 So.2d at 414.
Here, Dailey has made no showing that her right to an impartial jury was probably injuriously affected by the trial court's error in removing K.K. Therefore, we conclude that the trial court's error in removing K.K. was not reversible, because, even with the error, Dailey had a fair trial with an impartial jury. The judgment of the Court of Criminal Appeals is reversed and the case is remanded.
REVERSED AND REMANDED.
Moore, C.J., and Houston, See, Lyons, Brown, Harwood, and Stuart, JJ., concur.