COBB, Judge,
concurring in part, dissenting in part, and concurring in the result as to the memorandum and concurring in the opinion.
I agree with the majority’s published opinion reversing the conviction on Count 7, because the State presented no evidence indicating that K.R.B. had subjected C.B. to sexual contact. I also concur with the majority on Parts I through IV and VI through VIII of the unpublished memorandum. I disagree with the majority’s discussion and conclusion in Part V, regarding the trial court’s denial of the challenge for cause of B.G., the police chief of the jurisdiction in which K.R.B. was arrested. I believe that the trial court abused its discretion when it denied the defendant’s challenge for cause. Nonetheless, I concur in the result as to that issue because, under present Alabama law, the error was harmless.
As the majority’s quotation from the voir dire questioning of B.G. discloses, B.G. acknowledged that he believed everyone he arrested was guilty. (R. 26.) He also said that he believed that when a person is arrested by a police officer, the person probably committed the crime for which he was arrested. (R. 27.) When defense counsel asked B.G. whether he believed an accused had the burden of proving that he was not guilty, B.G. responded without answering the question:
“To try to answer your question, part of my duty in the latter part of my career was to evaluate and supervise the actions of police officers involved in making cases. In that judgments had to be made, and I feel that I did an adequate job.”
(R. 27-28.)
The majority determined that the trial court did not err when the trial court denied the challenge for cause because B.G. stated that he could be fair and impartial, that his department was not the lead agency in the investigation, and that he did not directly supervise any of the law enforcement officers involved in this case. I disagree.
B.G. was the police chief of the agency that participated in the arrest of K.R.B. When law enforcement officers arrived to search KR.B.’s residence, K.R.B. had a gun and refused to allow the officers to enter for approximately one hour. (R. 107, 129-30, 146, 194.) Officers negotiated with K.R.B., and he allowed them to enter. K.R.B. then threatened to kill himself with a large butcher knife. (R. 173.) Only after the knife was taken from K.R.B. and he was placed in custody did the officers execute the search warrant. (R. 106-07.) One of the officers testified that KR.B.’s actions placed him in fear for his life and for the life of his fellow officers. (R. 130, 194.)
“The fact that C.B. was a retired Montgomery police officer was not a statutory ground for removing him for cause. See § 12-16-250, Ala.Code 1975. Therefore proof of absolute bias on the part of C.B. was necessary to justify the *830 challenge. See, e.g., Ray v. State, 809 So.2d 875, 885 (Ala.Crim.App.2001), cert. denied, 809 So.2d 891 (Ala.2001)CIn order to justify a challenge for cause, there must be a statutory ground or some matter that imports absolute bias or favor and leaves nothing to the discretion of the trial court.’).”
McNabb v. State, [Ms. CR-98-0967, Oct. 26, 2001] — So.2d -, - (Ala.Crim.App.2001).
The test to be applied in determining the qualification of a prospective juror is probable prejudice. Although juror qualification is a matter left to the trial court’s broad discretion, this Court will look to the questions asked and the answers given by the prospective juror to aid in the determination of whether the court properly exercised its discretion. Dailey v. State, 828 So.2d 340, 342 (Ala.2001), and cases cited therein. B.G. twice stated that he believed that a person who was arrested had probably committed the crime. When asked if he would place the burden of proof on the defendant, B.G. avoided the question and stated that he had supervised police officers involved in making cases. The voir dire questions and answers indicate a bias on B.G.’s part. The circumstances of this particular case further support KR.B.’s challenge for cause. B.G.’s agency provided backup in K.R.B.’s arrest, and the arrest was far from routine. Authorities were initially involved in an armed standoff with K.R.B. Before he was taken into custody and subdued, K.R.B. had wielded a large butcher knife and had threatened to kill himself. Understandably, the officers were in fear for their safety. KR.B.’s arrest and the entire case were extraordinary. Under these circumstances, and in light of B.G.’s conflicting answers during voir dire, I believe there was sufficient evidence of B.G.’s bias, and I believe that he had a preconceived notion about KR.B.’s guilt. Therefore, KR.B.’s challenge for cause should have been granted, and the trial court abused its discretion when it denied the challenge.
In spite of the foregoing, I am compelled to concur as to the result. The erroneous denial of a challenge for cause is harmless error, and as “long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean that Sixth Amendment was violated.” Ross v. Oklahoma, 487 U.S. 81, 88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988).
Based on the foregoing, I concur only in the result reached as to Issue V of the unpublished memorandum. As to the opinion released today, I concur.