On Remand from the Alabama Supreme Court

McMILLAN, Presiding Judge.
The Alabama Supreme Court in Ex parte Dailey, 828 So.2d 340 (Ala.2001), reversed this Court’s judgment in Dailey v. State, 828 So.2d 337 (Ala.Crim.App.2000), and remanded the cause for further consideration.
Tchnavian Rolanda Dailey, the driver of a day-care van, was convicted of criminally negligent homicide, a violation of § 13A-6-4, Ala.Code 1975, after she left Demyreon Lindley, a three-year-old child, unattended in a closed and locked van, ultimately causing his death.
The Alabama Supreme Court agreed with the reasoning of this Court; the trial court erred in granting the State’s challenge of K.K. for cause. However, the Supreme Court held that, based upon its decision in Evans v. State, 794 So.2d 411 (Ala.2000), this Court erred in failing to perform a harmless-error analysis before reversing the trial court’s judgment. Rule 45, Ala. R.App. P. The Supreme Court, addressing this case, held that the appellant had made no showing that her right to an impartial jury was probably injuriously affected by the trial court’s error in removing K.K. and, therefore, any error by the trial court was not reversible error because, even with the error, the appellant had had a fair trial with an impartial jury.
I.
The appellant argues that the trial court erred by unreasonably limiting her ability to strike an impartial jury. Specifically, the appellant contends that the trial court erred by not allowing her to question one of the jury veniremembers regarding whether the insurance company he owned was connected with the company that insured the day-care center and was, therefore, preparing to defend a civil suit.
The record reveals that, during voir dire, a bench conference was held and the following colloquy occurred between the trial court and defense counsel for the appellant’s codefendant, Sonia Marie Murray:
“[Defense Counsel Deen]: While we’re up here, one of the gentlemen said he sells — he owns an insurance company, I assume he sells it. Would we be allowed to ask him if he sells this particular company that insured the day care to see if he has any interests? We don’t know if his company underwrites—
“[Trial court]: I just don’t see any reason for that, Jeff. I just don’t see any reason.
“[Defense Counsel Soto]: Guidant — GU-I-D-A-N-T.
“[Defense Counsel Deen]: So I understand, we cannot ask him if his company .has any connection with Guidant.
“[Trial court]: Right.
*346 “[Defense Counsel Deen]: Selling it, if he owns it — stock in the company?
“[Trial court]: Right. And your objection is on the record.”
The record indicates that appellant’s counsel subsequently joined the objection of her codefendant’s counsel and therefore preserved the issue for appellate review. Cf. T.R.D. v. State, 673 So.2d 838, 844 (Ala.Crim.App.1995).
“ ‘A trial court is vested with great discretion in determining how voir dire examination will be conducted, and that court’s decision on how extensive a voir dire examination is required will not be overturned except for an abuse of that discretion.’ ” Whitehead v. State, 111 So.2d 781, 798 (Ala.Crim.App.1999), quoting Ex parte Land, 678 So.2d 224, 242 (Ala.1996). A careful review of the record reveals that the trial court found that the issue of liability coverage as it related to a third party was irrelevant to the criminal liability of the appellant. The appellant’s guilt or innocence had nothing to do with a pending civil suit filed by the victim’s mother against the day-care center. Therefore, based on the record before us, the trial court did not abuse its discretion.
II.
The appellant argues that the trial court erred by giving a coercive Allen, or dynamite, charge to the jury. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). That jury instruction is as follows:
“Members of the jury, I am sorry to hear that you are unable to reach a verdict. The Court cannot release you at this time. You should make further efforts to arrive at a verdict. Each juror is entitled to his or her opinion of the evidence, but I know you do not wish to put the State to the expense of another trial if it can be avoided. If you cannot agree a mistrial would be declared and this case would have to be tried again. There is no reason to believe that another jury would have better or clearer evidence than has been presented to you.
“This does not mean that you should surrender an honest conviction as to the weight or the effect of any evidence solely because of the opinion of other jurors or because of the importance of arriving at a decision. But you should give respectful consideration to each other’s views and talk over any differences of opinion in a spirit of fairness and candor. If possible, you should resolve any differences and come to a common conclusion so that the case may be completed.
“I would be happy to give you any explanatory charge on the law. It is natural that differences of opinion will arise. When they do, each juror should not only express his opinion but the facts and reasons upon which he bases that opinion. By reasoning the matter out, it may be possible for all jurors to agree. What I have said to you must not be taken as an attempt on the part of the Court to require or force you to surrender your honest and reasonable convictions founded upon the law and the evidence in this case. My sole purpose is to impress upon you your duty and the desirability and importance of reaching a verdict if you can conscientiously do so.
“You may retire and consider your deliberations.”
Because the trial court’s charge to the jury followed the pattern jury instructions adopted by the Alabama Supreme Court, no reversible error occurred here. Ex parte Trawick, 698 So.2d 162, 173 (Ala.1997) (“[T]his Court has held that no re *347 versible error will be found when the trial court follows the pattern jury instructions adopted by [the Alabama Supreme] Court.”)
The judgment of the trial court is affirmed.
AFFIRMED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.