COBB, Judge,
concurring in the result.
In Part II, the unpublished memorandum holds that the trial court did not err when it denied Vincent Edward Lampkin’s challenge for cause of a prospective juror who expressed a bias at to Lampkin’s guilt. My review of the prospective juror’s responses in voir dire indicates that he had made up his mind and that he would not be an unbiased juror:
“[Prospective juror]: I had a good Mend that was shot, one that was beaten and also stayed in a coma for three months. I don’t really believe in technicalities and things like that.
“THE COURT: Do you want to ask him anything?
“[Defense counsel]: [Prospective juror], I think you said earlier you had already made up your mind. You said you made up your mind. Are you still sticking be that?
“[Prospective juror]: Yes, sir. There is good reason, I think, that people are involved in things like this.
“THE COURT: All right. Well, I mean there is a good reason why somebody would be charged with an offense. I mean, otherwise, you know, you wouldn’t have any reason to bring him to court.
“Let me ask you this: You could listen to the evidence, all the evidence *203 that’s presented by the State and the defendant, and the law that’s given to you by the Court, and then render a verdict, fair and impartial verdict, could you not? You are not so prejudiced — do you know anything about the facts in this case?
“[Prospective juror]: No, sir.
“THE COURT: You don’t know anything about the facts of the case?
“[Prospective juror]: No, sir.
“THE COURT: If you don’t know anything about the facts, you couldn’t just find him guilty without knowing anything about it, could you?
“[Prospective juror]: Well, I guess I’m kind of partial. I don’t know how to explain it.
“THE COURT: Okay. I’m a little mystified by what you said. You don’t think that the police ought to just be able to go out and jerk somebody up and throw them in jail for the rest of their lives without a trial, do you?
“[Prospective juror]: No, sir.
“THE COURT: So you feel there has to be law and that the evidence has to show that they have committed some offense before they can be jailed, don’t you?
“[Prospective juror]: Yes, sir.
“THE COURT: So, I mean, you don’t think that everybody that is charged ivith a crime is automatically guilty, do you?
“[Prospective juror]: No, sir, not everyone.
“THE COURT: Okay. Whether or not they are guilty of an offense is based on what the evidence would show; would you agree with that?
“[Prospective juror]: Yes, sir. He also said that his witness, his defendant, was going to testify that he did shoot the lady.
“THE COURT: Okay. But, I mean, you know, there are accidental shootings. You know, everybody can shoot— that’s shot somebody is not guilty of murder. It can be done accidentally. It could be done by an insane person.
“[Prospective juror]: I could see it in the woods in a hunting accident.
“THE COURT: We don’t know what the facts in this case are. You don’t know. I don’t know. So, you don’t— you wouldn’t be willing to just say this man is guilty because he has an indictment against him, would you?
“[Prospective juror]: I’d rather not.
“THE COURT: Okay. Do you want to ask him anything?
“[Defense counsel]: No, sir.
“THE COURT: [Prosecutor]?
“[Prosecutor]: No, Your Honor.”
(R. 19-22.)(Emphasis added.)
When Lampkin moved to strike this prospective juror for cause, the trial court denied Lampkin’s motion, stating, “I think he can listen to the law and evidence and render a verdict.” (R. 26.)[1] The unpublished memorandum holds that the juror’s responses indicated that he was willing to listen to the evidence and render a verdict based on the evidence. I disagree with that determination, but I am compelled to concur in the result based on existing Alabama law.
Section 12-16-150, Ala.Code 1975, provides that a juror may be challenged for cause when he has a fixed opinion as to the defendant’s guilt or innocence that would bias his verdict. Alabama courts have of *204 ten stated that qualification of prospective jurors is a matter for the trial court’s sound discretion. E.g., Daily v. State, 828 So.2d 340, 342-43 (Ala.2001). The test for determining whether a juror is qualified is “probable prejudice,” and it requires an examination of whether the juror can set aside his bias and render a verdict based on the evidence. Id.
The portions of voir dire questioning quoted above establish probable prejudice and fully support Lampkin’s motion seeking removal of the prospective juror for cause. The juror indicated repeatedly, that he had made up his mind and that he was biased against Lampkin. Even the trial court’s repeated attempts to rehabilitate the juror were met with only partial success, as when the court asked the prospective juror if he would find Lampkin guilty based on the indictment alone, and the juror said he would “rather not.” This response is far from indicating that the juror would have been able to provide Lampkin with his constitutionally mandated right to a trial by an impartial jury. Therefore, I believe that the defense challenge for cause should have been granted.
Notwithstanding my opinion that the challenge for cause was erroneously denied, I am compelled to concur in the result. The record fails to disclose whether the prospective juror was subsequently struck by a peremptory challenge, and there has been no assertion, that the defense suffered any prejudice, whether as a result of expending a peremptory challenge or as a result of the juror’s presence on the panel that determined his guilt. See Bowman v. State, 875 So.2d 1231 (Ala. Crim.App.2003)(Cobb, J., concurring in the result). See also Bethea v. Springhill Mem’l Hosp., 833 So.2d 1 (Ala.2002)(harmless-error analysis applies in evaluation of erroneous denial of challenge for.cause). Although present Alabama law mandates that' this Court affirm the trial court’s ruling on this issue, I agree with Justice Johnstone’s discussion regarding the inequity of the current law. Bethea, 833 So.2d at 9-10 (Johnstone, J., concurring in the rationale in part and concurring in the judgment). As Justice Johnstone correctly observed:
“The effect of the holding in the main opinion is that the erroneous denial of a challenge for cause is not reversible unless it causes a biased juror to remain on the jury after the challenging party has exhausted all of his peremptory challenges, including the one necessarily spent on removing the prospective juror who should have been removed by the trial court in response to the challenge for cause. If, however, the challenging party could prove that a remaining juror is biased, the challenging party would not need the spent peremptory challenge inasmuch as proof of such bias would constitute ground for another challenge for cause. Thus the burden imposed by the main opinion on the challenging party defies the very purpose of a peremptory challenge and essentially eliminates the peremptory challenge as an enforceable right.”
833 So.2d at 11.
Not only do I agree with the foregoing quotation from Justice Johnstone, I believe that the facts of this case demonstrate that the new burden imposed on defendants will be virtually impossible to meet. The prospective juror in this case should have been struck based on his expressed bias. Instead, in order to secure a reversal based on the trial court’s erroneous ruling, Lampkin apparently would have had to present evidence to show either that this biased prospective juror sat on his jury and that his bias influenced the verdict, or that he exhausted all of his peremptory challenges and another impartial juror re *205 mained on the panel because he was forced to use a peremptory strike against this biased prospective juror. Either of these would be extremely difficult, if not impossible, to prove.
In summary, though I disagree with the law as it now stands regarding appellate review of the erroneous denial of a challenge for cause, it governs this case and requires me to concur in the result reached in the unpublished memorandum.

. The record does not reflect whether Lamp-kin exercised a peremptory strike to remove this prospective juror, or whether he was a member of the jury that convicted Lampkin.